OPINION
{¶ 1} Defendant-appellant, Robert Metcalf, appeals the decision of the Butler County Court of Common Pleas denying his motion to withdraw his guilty plea. Appellant pled guilty to attempted retaliation, attempted assault on a police officer, and criminal damaging. Appellant also appeals the common pleas court's sentencing decision. We affirm the common pleas court's decision denying appellant's motion as well as its sentencing decision. However, we modify the trial court's sentencing entry for the limited purpose of correcting a clerical error.
 {¶ 2} In June 2002, appellant was indicted on one count of retaliation, a fourth-degree felony; one count of assault on a police officer, a fourth-degree felony; one count of attempted breaking and entering, a first-degree misdemeanor; and one count of vandalism, a fifth-degree felony. According to a police report, appellant attempted to break into a business by throwing a piece of concrete through a window. After appellant was arrested and while being transported to the police station, appellant kicked the dividing screen in the patrol car as well as one of the rear windows of the car. Appellant also threatened the arresting officer, stating that he would "rip his throat out." While appellant was being escorted to a holding cell, he spit on another officer.
 {¶ 3} Appellant initially pled not guilty to the charges. However, on his scheduled trial date, appellant withdrew his not guilty plea and entered a plea of guilty to the following charges: one count of attempted retaliation in violation of R.C. 2921.05 and R.C. 2923.02, a fourth-degree felony; one count of attempted assault on a police officer in violation of R.C. 2903.13 and R.C. 2923.02, a fifth-degree felony; and two counts of criminal damaging in violation of R.C. 2909.06, which were second-degree misdemeanors. The common pleas court subsequently convicted appellant of the charges to which he pled guilty.
 {¶ 4} In November 2002, prior to sentencing, appellant filed a motion to withdraw his guilty plea. After a hearing, the common pleas court denied the motion and proceeded to sentencing. The court sentenced appellant to 17 months in prison for the attempted retaliation conviction, consecutive to seven months in prison for the attempted assault on a police officer conviction. The court sentenced appellant to 90 days in jail for each of the two criminal damaging convictions, those sentences to be served concurrently.
 {¶ 5} Appellant now appeals his convictions and the common pleas court's sentencing decision, assigning two errors.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, BY NOT ALLOWING THE WITHDRAWAL OF THE GUILTY PLEA."
 {¶ 8} In this assignment of error, appellant argues that the common pleas court should have granted his presentence motion to withdraw his guilty plea. Appellant asserts that he had meritorious defenses to the charges for which he was convicted and that he did not fully understand the charges when he pled guilty.
 {¶ 9} Generally, a motion to withdraw a guilty plea, filed before sentencing, "should be freely and liberally granted." State v. Xie
(1992), 62 Ohio St.3d 521, 526. Nevertheless, a defendant does not have "an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, the trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 10} The decision to grant or deny a presentence motion to withdraw a guilty plea rests within the trial court's discretion. Id. at paragraph two of the syllabus. A reviewing court defers to the judgment of the trial court because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at 525, quoting State v. Smith (1977),49 Ohio St.2d 261. Absent an abuse of discretion, the trial court's decision to grant or deny a motion to withdraw a guilty plea must be affirmed. Id. at 527. An abuse of discretion implies that the trial court's ruling was "unreasonable, arbitrary, or unconscionable." Id., quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 11} In determining whether to grant a motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea, including whether the defendant was represented by competent counsel at a full hearing and voluntarily waived his right to a trial. See State v. Hamblin (Mar. 26, 2001), Butler App. No. CA2000-07-154; State v. Mosby (Sept. 18, 2000), Butler App. No. CA2000-04-059. In addition, the court should examine whether withdrawal of the plea will prejudice the prosecution, the timing of the motion, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a meritorious defense. Statev. Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 12} Appellant pled guilty to the offenses on September 25, 2002. At his scheduled sentencing hearing on November 8, 2002, appellant indicated his intent to withdraw his guilty plea. The common pleas court allowed time for appellant to file a motion to withdraw his plea and scheduled a hearing for November 22, 2000. At that hearing, appellant presented arguments in support of his motion. Despite his guilty plea, appellant argued that he was innocent of the charges. Appellant argued that, at the time of the plea hearing, he thought a plea was his best option, given that a trial would pit the officer's words against his own. Appellant stated that he read the relevant Ohio Revised Code sections after the plea hearing and concluded that he was not guilty of the charges.
 {¶ 13} The common pleas court denied appellant's motion to withdraw his guilty plea. The court stated that appellant had pled guilty to the charges after being thoroughly informed of the consequences of the plea and the rights he was waiving by pleading guilty. The court also stated that appellant indicated at the plea hearing that no one was coercing him or forcing him to plead guilty. Further, the court pointed to appellant's lengthy criminal record as proof that appellant was very familiar with the court system and the consequences of pleading guilty.
 {¶ 14} In analyzing whether the common pleas court abused its discretion by denying appellant's motion to withdraw his guilty plea, we first review the plea hearing. Nothing in the record indicates that appellant's counsel at the plea hearing was incompetent. When asked by the court at the plea hearing if he was satisfied with the advice and representation he had received from his counsel, appellant answered, "Yes." When asked by the court if there was anything that his counsel could have or should have done on his behalf and had not done, appellant answered, "No."
 {¶ 15} Further, the record shows that the common pleas court complied with Crim.R. 11 at the plea hearing. The court thoroughly explained to appellant the consequences of his guilty plea and the specific rights he was waiving. When asked whether anyone forced him, threatened him, or coerced him into pleading guilty, appellant responded, "No." Appellant also indicated that he had no questions about his guilty plea. The prosecutor read aloud the facts that constituted the offenses for which appellant was pleading guilty. Appellant acknowledged that he understood those facts and was admitting to them. Appellant then orally pled guilty on the record.
 {¶ 16} Appellant asserts in his brief that he was under the influence of cocaine at the time of the plea hearing. Appellant did not raise this issue before the common pleas court as a reason for wanting to withdraw his plea. Nevertheless, appellant did state at the plea hearing, when asked if he was under the influence of any illegal drugs: "Yes. * * * I think I got cocaine in [my system]. But I'm not for sure."
 {¶ 17} With regard to potentially meritorious defenses, appellant argued at the hearing on his motion that there was no damage to the patrol car. Therefore, appellant argued, the state could not secure a conviction for criminal damaging. However, this defense was of questionable merit. The police report clearly states that appellant kicked the rear driver-side window, causing damage to the window. Appellant did not refer to any meritorious defenses for the attempted retaliation and attempted assault on a police officer charges.
 {¶ 18} The extent to which the state would have been prejudiced by appellant's withdrawal of his guilty plea is unclear from the record. We find nothing definitive in the record relative to the availability of witnesses and evidence at a later date.
 {¶ 19} After reviewing the entire record, we find no abuse of discretion by the common pleas court in denying appellant's motion to withdraw his guilty plea. The court fully and fairly considered appellant's motion, conducting a full hearing on the matter. As the court found, appellant pled guilty to the charges at the plea hearing after having been fully informed of the nature of the charges, the consequences of the plea, and the rights he was waiving. Further, the record does not indicate that appellant was represented by incompetent counsel at the plea hearing. The record also does not indicate that appellant had meritorious defenses to the charges. Rather, the record indicates that appellant had a "change of heart" shortly before he was to be sentenced. We have held that a "change of heart" is insufficient justification to withdraw a plea. See State v. Hamblin (Mar. 26, 2001), Butler App. No. CA2000-07-154.
 {¶ 20} Appellant's statement at the plea hearing that he might have cocaine in his system does not require a finding that the court abused its discretion in denying appellant's motion. As previously noted, appellant did not raise this issue to the court as a reason to allow the withdrawal of his plea. At the hearing before the common pleas court, appellant argued that, after subsequently reading the code sections, he did not believe he was guilty of the crimes. It would be illogical to find that the court abused its discretion in failing to grant appellant's motion for a reason not brought to its attention by appellant. Nevertheless, after reviewing the colloquy at the plea hearing and the entire record, we do not find appellant's statement that he might have cocaine in his system to be a reasonable and legitimate reason to require the withdrawal of the plea.
 {¶ 21} For the above reasons, we find that the common pleas court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Accordingly, appellant's first assignment of error is overruled.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "THE SENTENCING COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."
 {¶ 24} In this assignment of error, appellant argues that the common pleas court's imposition of consecutive sentences was contrary to law and unsupported by the record.
 {¶ 25} Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the trial court must also find that one of the following factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 {¶ 26} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 27} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 28} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 29} When imposing consecutive sentences, the trial court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. R.C.2929.14(E)(4) does not require the trial court to recite the exact words of the statute to impose consecutive sentences upon an offender. Statev. Kelly (2001), 145 Ohio App.3d 277, 281.
 {¶ 30} In accordance with Comer, the court in this case orally stated the required findings on the record at the sentence hearing. The court found that: (1) consecutive sentences were necessary to protect the public from future crime and to punish appellant; (2) consecutive sentences were not disproportionate to the seriousness of appellant's conduct or the danger he poses to the public; and (3) appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. The court also stated these findings in its judgment entry.
 {¶ 31} In accordance with Comer, the court also adequately supported the foregoing findings on the record. Prior to making the required findings, the court noted the serious nature of the offenses, and that they were committed less than two weeks after appellant was released from prison on other charges. The court also noted that appellant had been arrested the previous day for criminal trespass. The court then referred to some of the circumstances surrounding the offenses, including that appellant repeatedly struck the door of a business with a large piece of concrete. The court also referred to appellant's statements that he was going to kill the police officer and "rip his throat out." The court had before it a presentence investigation report that detailed appellant's lengthy criminal history, and noted that appellant had been to prison at least four times. The presentence investigation report shows that, among his many prior convictions, appellant had three breaking and entering convictions, a theft conviction, as well as convictions for criminal damaging, possession of drug paraphernalia, disorderly conduct, assault, and obstructing official business.
 {¶ 32} After reviewing the sentencing hearing, we conclude that the common pleas court made the appropriate findings to impose consecutive sentences and adequately articulated the reasons in support of those findings. We also conclude that the findings are supported by the record.
 {¶ 33} Appellant makes one additional argument. In its judgment entry, the court stated that "[c]onsecutive sentences are required by law pursuant to Division (E)(1) or (E)(2) of Revised Code Section 2929.14." Appellant argues that these sections are inapplicable to this matter. The state concedes this point, correctly noting that the court sentenced appellant pursuant to R.C. 2929.14(E)(4), rather than R.C. 2929.14(E)(1) or R.C. 2929.14(E)(2). It is clear from the sentencing transcript and the judgment entry that the court made the necessary findings pursuant to R.C. 2929.14(E)(4) before imposing consecutive sentences, but cited the wrong subsection in the entry.
 {¶ 34} Pursuant to our authority under App.R. 12(B), we hereby modify the common pleas court's judgment entry to reflect that the court imposed consecutive sentences pursuant to R.C. 2929.14(E)(4). We note that this error was merely a clerical error and not an error prejudicial to appellant. Accordingly, we overrule appellant's second assignment of error.
 {¶ 35} Judgment affirmed as modified.
Young, P.J., and Walsh, J., concur.