OPINION
{¶ 1} Defendant-appellant, Sarita K. Burns, appeals her conviction and sentence in the Warren County Court of Common Pleas on one count of attempted felonious assault in violation of R.C. 2903.11(A)(1) and2923.02(A), a felony of the third degree, following her guilty plea to that charge. Appellant also appeals the dismissal of her petition for post-conviction relief from her attempted felonious assault conviction. We have consolidated the appeals for purposes of review.
 {¶ 2} On October 27, 2003, appellant was indicted on one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree, and one count of felonious assault in violation of R.C.2903.11(A)(1), a felony of the second degree. The charges stemmed from an allegation that appellant stabbed her boyfriend, Billy Orth, with a kitchen knife at their residence in South Lebanon, Ohio. Appellant entered a "not guilty" plea to the charges.
 {¶ 3} Appellant moved for the appointment of numerous "independent experts" to assist her in establishing her claim of self-defense, including experts on blood spatter and "battered woman syndrome." After holding a hearing on these motions on February 11, 2004, the trial court denied appellant's request for such experts, finding that she had failed to demonstrate a sufficient need for them.
 {¶ 4} On February 19, 2004, appellant entered a plea of "guilty" to an amended charge of attempted felonious assault in violation of R.C.2903.11(A)(1) and 2923.02(A) in exchange for the state's agreement to dismiss the domestic violence charge. The plea bargain also included an offer by the state to recommend to the trial court that appellant not be sentenced to any prison time in exchange for appellant's agreement to cooperate with a local drug enforcement task force. At the change of plea hearing, the trial court engaged in the required Crim.R. 11 colloquy with appellant, informing her of the rights she was waiving as a result of entering the guilty plea. Appellant told the trial court that she understood each of the rights she was waiving. Appellant's attorney informed the trial court that he had advised appellant against accepting the state's plea offer because he believed that she was not guilty of the offense to which she was pleading guilty and that she had a viable self-defense claim. Nevertheless, appellant's attorney told the trial court that "it's up to her to make that decision * * * if she wishes to do that." Appellant acknowledged in open court that in pleading guilty, she was going against her attorney's advice.
 {¶ 5} On March 4, 2004, appellant moved to withdraw her guilty plea on the grounds that she "felt pressured to enter" the plea and did not "realize what she was pleading to[.]" She also asserted that she "did not fully understand what was expected of her under the terms of the plea agreement[.]" On the same day she moved to withdraw her guilty plea, appellant filed a motion for a psychiatric evaluation to determine if she was competent to assist in her defense. On April 20, 2004, the trial court held a hearing on appellant's motion to withdraw her plea, at which appellant, her father and others testified. On April 29, 2004, the trial court issued an amended decision and entry overruling appellant's motion, after concluding that appellant "wishes to set aside her plea due to a change of heart and not through any misunderstanding of her rights, misunderstanding of the charges against her, ill advice or injustice."
 {¶ 6} Appellant filed a second motion to withdraw her guilty plea, along with a new request to enter plea of not guilty by reason of insanity. She also moved for reconsideration of the trial court's decision to deny her initial motion to withdraw her plea. Both motions were overruled. On July 9, 2004, the trial court sentenced appellant to three years of community control and 60 days in the county jail. The trial court also ordered appellant to undergo a "mental health assessment and required follow-up."
 {¶ 7} On July 28, 2004, appellant filed a petition for postconviction relief, arguing that her constitutional rights had been violated on the grounds that she was incompetent at the time she entered her guilty plea. In support of this contention, appellant attached to her petition a certified "Letter of Guardianship" from the Hamilton County Probate Court, dated July 23, 2004, which contained a finding that appellant had been found incompetent pursuant to R.C. 2111.02, and appointed appellant's parents as guardian of appellant's "Person Only," for an "Indefinite time period." The state moved to dismiss appellant's petition under the doctrine of res judicata because it raised a claim that already had been, or could have been, decided by the trial court. On October 18, 2004, the trial court dismissed appellant's petition for postconviction relief, finding that her claims were barred under the doctrine of res judicata.
 {¶ 8} Appellant now appeals her conviction and sentence for attempted felonious assault, following her guilty plea to that charge, and the dismissal of her petition for postconviction relief. She assigns the following as error:
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ALLOW DEFENDANT TO WITHDRAW HER GUILTY PLEA WHEN SHE MOVED THE COURT FOR LEAVE TO WITHDRAW SAID PLEA BEFORE SENTENCING ON GROUNDS THAT SHE DID NOT KNOWINGLY AND INTELLIGENTLY WAIVE HER CONSTITUTIONAL RIGHTS."
 {¶ 11} Appellant argues that the trial court abused its discretion in refusing to allow her to withdraw her guilty plea because, among other things, she did not knowingly and intelligently waive her constitutional rights and the state would not have been prejudiced by allowing her to withdraw her plea. We disagree with this argument.
 {¶ 12} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. The trial court must conduct a hearing on the motion "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." Id. A trial court does not abuse its discretion unless its ruling is "unreasonable, arbitrary or unconscionable." Id., quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 13} In determining whether a trial court abused its discretion in refusing to grant a presentence motion to withdraw a guilty plea, a reviewing court examines a number of factors, including "`(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal.'" State v. McIntosh, 160 Ohio App.3d 544, 547;2005-Ohio-1760, quoting State v. Jefferson, Hamilton App. No. C-020802, citing State v. Fish (1995), 104 Ohio App.3d 236, 240. The list of factors to be considered in determining whether a trial court abused its discretion in denying a motion to withdraw a guilty plea is not exhaustive, and an appellate court may consider any other factor it deems relevant depending upon the particular facts and circumstances of the case before it. See Fish.
 {¶ 14} In this case, appellant makes no argument with respect to the first four of the factors listed above; thus, she apparently concedes, and the record supports, that appellant was represented by highly competent counsel; that she was given a full Crim.R. 11 hearing before entering her plea; that she was given a full and fair hearing on her motion to withdraw her plea; and that the trial court gave her motion full and fair consideration. As to the fifth factor, i.e., whether the motion to withdraw the guilty plea was made within a reasonable time, appellant argues her motion was so made since she brought it less than two weeks after she entered her guilty plea. For its part, the state does not contest that appellant moved to withdraw her guilty plea within a reasonable time.
 {¶ 15} As to the sixth factor, appellant asserts that her motion did set forth a specific reason for her request to withdraw her plea, namely, that she did not knowingly, intelligently and voluntarily waive her constitutional rights and enter the plea. As to the seventh factor, appellant concedes that she acknowledged at the change of plea hearing that she understood the nature of the charges she was facing and the possible penalties for those charges, but insists that she did not knowingly, intelligently and voluntarily waive her constitutional rights when entering her plea. In support, she points to her testimony at the hearing on her motion to withdraw, in which she testified that she did not understand what the trial court was asking her during the Crim.R. 11 colloquy because of her "learning disability." She also testified that when she previously had stated that she did not understand something that had been explained to her, she had "gotten in trouble and been yelled at * * * and humiliated because of [her] learning disability." She further testified that she was afraid that the trial judge was going to get mad at her if she asked him questions or told him she was confused. Appellant also relies on her father's testimony that she did not understand what she had done when she pleaded guilty.
 {¶ 16} The trial court found unpersuasive appellant's assertions regarding the sixth and seventh factors. As stated in Xie, "[w]e decline to second-guess the trial court's finding on this question. The trial court was in a better position to evaluate the motivations behind the guilty plea than is an appellate court which is only reviewing a record of the hearing. * * * We defer to the judgment of the trial court, because `the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'" Xie, 62 Ohio St.3d at 525, quoting State v. Smith (1977),49 Ohio St.2d 261, 264.
 {¶ 17} Furthermore, the record does not support appellant's assertion that she was too intimidated to ask questions of the trial judge or to speak up in front of him. Indeed, the record shows that appellant entered her guilty plea after rejecting the advice of both her attorney and her father. It also shows that it was appellant, herself, who approached the state about cooperating with them in exchange for their recommendation that she not be sentenced to prison. Appellant also was not afraid to ask questions of the trial court at the plea hearing, as she asked the trial court if she could be enrolled in a rehabilitation program. The trial court told appellant that it would refer her to one and ask that officials screen her for admission into it, but the trial court emphasized that it was not making any guarantee on that issue, and appellant acknowledged that she understood. The question of whether or not appellant actually understood the nature of the charges brought against her and the penalties that could be imposed, was a factual one that was best resolved by the trial court, since it was in the best position to observe appellant as she testified and to assess her credibility. SeeSmith, 49 Ohio St.2d at 264.
 {¶ 18} It is readily apparent that the trial court did not find credible appellant's assertions that (1) she did not actually understand the nature of the charges against her or the possible penalties that she faced; or (2) her plea was not knowingly, intelligently and voluntarily made. The trial court's finding was supported by appellant's previous, contrary statements on those matters at the plea acceptance hearing, and her attorney's statement at that hearing that "it's up to her [appellant] to make that decision [i.e., to plead guilty] if she wishes to do that."
 {¶ 19} As to the eighth factor, i.e., whether appellant was possibly not guilty of the charges or had a complete defense to them, appellant argues that she had such a defense, namely, self-defense. But as the trial court noted, appellant always had that defense available to her prior to her entering her guilty plea. Furthermore, appellant's proposed defenses to the charges during these proceedings have run the gamut from self-defense, to battered woman syndrome, to "not guilty by reason of insanity." This is not a case where appellant consistently maintained that she was innocent, or that she acted in self-defense, and it is not clear to us that appellant even had a viable defense to present if she had been permitted to withdraw her plea.
 {¶ 20} As to the final factor, i.e., whether the state would be prejudiced by the withdrawal, there was conflicting evidence presented on this issue. The state argues that it would have suffered "significant prejudice" if appellant had been permitted to withdraw her plea, since its key witness, Orth, was reluctant to testify and the state had been unable to serve him with a subpoena. The state also asserts that it "had lost valuable time" in locating him.
 {¶ 21} The state also points out that Sheriff's Deputy John Louallen had been working "five days a week" to locate Orth, but that after appellant entered her plea, he disposed of his personal case file. Additionally, the state points out that the record shows that appellant continued to have contact with Orth even after she had been indicted, and asserts that it is reasonable to infer under the facts of this case that appellant's attempt to withdraw her plea is really an attempt "to manipulate the judicial process," since appellant was well aware that the witnesses had not been contacted for some time and that the state may have had difficulties in locating them.
 {¶ 22} Appellant responds to this by arguing that the state cannot claim prejudice as a result of the difficulty it would have had in serving the warrant or securing Orth's presence at trial since Louallen was acquainted with Orth and had general information on his whereabouts. She further asserts that the state "did not want the case to go to trial because Orth likely would not have appeared at trial."
 {¶ 23} The trial court did not make a factual finding on the issue of whether the state would have been prejudiced by allowing appellant to withdraw her guilty plea. However, the question of whether or not the state would be prejudiced by allowing a plea to be withdrawn is simply one factor in an abuse of discretion analysis by this court.
 {¶ 24} The trial court should consider this factor in conjunction with the numerous other factors that we have set forth above in considering a motion to set aside a plea. Id. See, e.g., State v. Metcalf, Butler App. No. CA2002-12-299, 2003-Ohio-6782 (although the extent to which the state would have been prejudiced by granting motion to withdraw a guilty plea with respect to the unavailability of witnesses and evidence at a later date was unclear from the record, it was ultimately determined that the trial court did not abuse its discretion in denying motion to withdraw a guilty plea).
 {¶ 25} In reviewing these factors, it must be remembered that the ultimate question to be answered by the trial court is "whether there is a reasonable and legitimate basis for the withdrawal of the plea," Xie,62 Ohio St.3d at 527, and the ultimate question to be answered by the court of appeals is whether the trial court abused its discretion in making this determination. Id.
 {¶ 26} In this case, only one of the nine factors listed above clearly favored appellant, to wit: that her motion was made within a reasonable time. However, appellant's primary reason for seeking withdrawal of her plea, i.e., that she did not enter the plea and waive her constitutional rights knowingly, intelligently and voluntarily, was considered and rejected by the trial court, which was in the best position to judge her credibility on the issue. See Xie, 62 Ohio St.3d at 525, quoting Smith,49 Ohio St.2d at 264 ("`the good faith, credibility and weight of the movant's assertions in support of the motion [to withdraw a plea] are matters to be resolved by [the trial] court'").
 {¶ 27} The record supports the trial court's conclusion that appellant's request to withdraw her guilty plea was based merely on a change of heart, rather than on her failure to make a knowing, intelligent and voluntary waiver of her constitutional rights, and a mere change of heart is an insufficient justification for withdrawing a guilty plea. State v. Metcalf, Butler App. No.CA2002-12-299, 2003-Ohio-6782.
 {¶ 28} Furthermore, the remaining factors do not weigh in appellant's favor. Appellant has never questioned the competence of her defense counsel in these proceedings; she was afforded a complete plea hearing pursuant to Crim.R. 11 before entering her plea; the trial court conducted a full and impartial hearing on her motion to withdraw her plea; the trial court gave full and fair consideration to that motion; appellant acknowledged at the change of plea hearing that she understood the nature of the charges against her and the possible penalties she faced, all of which the trial court had explained to her at the plea acceptance hearing; and appellant had the same defense or defenses available to her prior to her entering her plea that she had at the time she sought to withdraw it. See McIntosh, 160 Ohio App.3d at 547.
 {¶ 29} As the Ohio Supreme Court stated in Xie:
 {¶ 30} "`Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.'" Xie, 62 Ohio St.3d at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223, construing Fed.R.Crim.P. 32(d), which the Ohio Supreme Court found to be analogous to Crim.R. 32.1. Under the totality of the circumstances, we conclude that the trial court did not abuse its discretion in refusing to allow appellant to withdraw her guilty plea.
 {¶ 31} Appellant's first assignment of error is overruled.
 {¶ 32} Assignment of Error No. 2:
 {¶ 33} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO ORDER A COMPETENCY HEARING PRIOR TO SENTENCING WHEN THE COURT HAD SIGNIFICANT INDICIA OF DEFENDANT'S INCOMPETENCE."
 {¶ 34} Appellant argues that the trial court erred in denying her motion for a competency evaluation, because the trial court was provided with "significant indicia" that she was incompetent to assist in her defense. We disagree with this argument.
 {¶ 35} "The constitutional test under the Fourteenth Amendment for competency to stand trial is `whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as a factual understanding of the proceedings against him.'" In re Williams
(1977), 116 Ohio App.3d 237, 242, quoting Dusky v. United States
(1960), 362 U.S. 402, 80 S.Ct. 788. "A defendant is presumed to be competent to stand trial." R.C. 2945.37(G). However, if after holding a hearing on the issue, the trial court finds "by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense," the trial court must find the defendant incompetent to stand trial. Id. "When there is evidence to create a sufficient doubt of a defendant's competency to stand trial, a trial court may be required to conduct further inquiry on the question and a trial court must always be alert to circumstances suggesting that the accused may be incompetent to stand trial." State v. Corethers (1993), 90 Ohio App.3d 428, 433, citing Drope v. Missouri (1975), 420 U.S. 162, 177, 95 S.Ct. 896. As to the issue of whether or not a defendant has a right to a hearing on whether he or she is competent to stand trial, R.C. 2945.37(B) provides as follows:
 {¶ 36} "In a criminal action in a court of common pleas, a county court, or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion." Thus, before a trial begins, the trial court is obligated to hold a competency hearing if one is requested; however, once a trial begins, the decision whether to hold a competency hearing "mid-trial" is within the trial court's sound discretion. See State v. Berry, 72 Ohio St.3d 354, 360, 1995-Ohio-310
(interpreting former R.C. 2945.37[A], which is analogous to R.C.2945.37[B]).
 {¶ 37} It has been held that a defendant who is not competent to stand trial is not competent to enter a guilty plea. State v. Bolin (1995),128 Ohio App.3d 58, 62. Here, the issue of competency was raised after appellant pled guilty, but before she was sentenced; thus, R.C.2945.37(B) mandated a hearing on the issue only for "good cause shown" or a showing of "sufficient indicia of incompetency." See Berry,72 Ohio St.3d at 360. Upon a review of the record, we find no "sufficient indicia of incompetence" or "good cause shown" that would have entitled appellant to a competency hearing at the time the issue was raised. Initially, at the time appellant entered her guilty plea, there was no evidence in the record that showed she was incompetent.[1] During the change of plea hearing, appellant's counsel informed the trial court that while he disagreed with his client's decision to plead guilty, he, nevertheless, believed that it was "up to her to make that decision * * * if she wishes to do that." Appellant's counsel never indicated to the trial court at the time she entered her plea that appellant was incapable of understanding the nature and objective of the proceedings against her or of assisting in her own defense. The record also shows that appellant herself sought a deal with the state to avoid any prison sentence, by offering to cooperate with a local drug enforcement task force in exchange for the state's promise not to recommend a jail sentence.
 {¶ 38} The trial court in conducting a Crim.R. 11 hearing determines that the defendant is entering a plea knowingly, intelligently and voluntarily. Implicit in accepting a guilty plea is the trial court's determination that the defendant is competent to enter a guilty plea. Furthermore, the record shows that appellant did not seek a competency evaluation until she sought to withdraw her plea. During her plea withdrawal hearing, appellant testified that she was currently undergoing psychiatric treatment and was suffering from "bipolar, manic depressive, post-traumatic stress, anxiety and personality disorder." She also testified that she was taking medications (Effexor and Seroquel) at the time of the plea withdrawal hearing.
 {¶ 39} However, at the time she entered her plea, appellant said that she was not taking any medication. Furthermore, about one week prior to her change of plea hearing, appellant stated that she previously had been under psychiatric treatment, at which time she had been diagnosed with bipolar disorder and post-traumatic stress, with the latter condition having been caused by her mother. At the plea acceptance hearing, she informed the trial court that she was no longer under the treatment of a psychologist or a psychiatrist, and, as stated previously, that she was not currently taking any medication. It is clear from the record that appellant did not begin to seek treatment for her mental health issues until after she decided to withdraw her guilty plea.
 {¶ 40} Under the facts present in this case, the trial court could have reasonably concluded that appellant's request for a competency evaluation was made simply for the purpose of aiding her in her attempt to withdraw her plea, and not for the purposes of determining whether she was incapable of understanding the nature and objective of the proceedings against her or of assisting in her defense. We conclude that the trial court did not abuse its discretion in refusing to grant appellant's post-plea request for a competency hearing.
 {¶ 41} Appellant's second assignment of error is overruled.
 {¶ 42} Assignment of Error No. 3:
 {¶ 43} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF WHERE DEFENDANT PROVIDED SUFFICIENT INDICIA OF DEFENDANT'S INCOMPETENCE AT THE TIME SHE ENTERED HER GUILTY PLEA."
 {¶ 44} Appellant argues that the trial court erred in dismissing her petition for postconviction relief, to which she had attached a certified copy of a "Letter of Guardianship" from the Hamilton County Probate Court, appointing her parents as her guardians for an indefinite time period, pursuant to R.C. 2111.02, upon the probate court's determination that appellant was an "incompetent." Appellant essentially asserts that this document sufficiently established that she was incompetent at the time she entered her guilty plea and that the trial court abused its discretion in not allowing her to withdraw her plea. We disagree with this argument.
 {¶ 45} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raisedor could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment." (Emphasis sic.) State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 46} In this case, appellant did not raise the issue of her competency to stand trial until after she had entered her guilty plea, but before her sentencing. Had she raised the issue before entering her plea, the trial court would have been obligated to hold a hearing on the issue of whether she was competent to stand trial. R.C. 2945.37(B). Since she failed to do so, the decision whether to hold a hearing on the issue was relegated to the trial court's discretion. See Berry,72 Ohio St.3d at 360. The trial court did not abuse its discretion in refusing to hold a hearing on the issue of appellant's competence to stand trial for the reasons we have already stated in our response to appellant's second assignment of error.
 {¶ 47} Furthermore, the fact that appellant had been determined to be incompetent pursuant to R.C. 2111.02, after she was convicted of attempted felonious assault following her guilty plea to that charge, was an insufficient reason for granting appellant's petition for postconviction relief. R.C. 2111.01(D) defines an "incompetent," in pertinent part, as "any person who is so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property[.]"
 {¶ 48} A person is incompetent to stand trial on criminal charges only if the trial court finds, by a preponderance of evidence, that he or she is incapable of understanding the nature and objective of the proceedings against him or her, or of assisting in his or her own defense. R.C.2945.37(G). The fact that a person is found incompetent in civil proceedings brought pursuant to R.C. 2111.02, may be relevant to the question of whether that person is capable of understanding the nature and objective of the proceedings against him or her, or of assisting in his or her own defense, however, it is not dispositive on that issue. Even if a person is found to be incompetent for purposes of Chapter 2111, that person may still be capable of understanding the nature and objective of the proceedings against him or her, and of assisting in his or her own defense.
 {¶ 49} In any event, the issue of whether appellant was competent to stand trial was an issue that appellant could — and did — raise in the trial court. The trial court decided that issue in the proceedings below and we have affirmed its decision on appeal. As such, the matter was res judicata, see Perry, 10 Ohio St.2d at 176, paragraph nine of the syllabus, and the trial court properly dismissed appellant's petition for postconviction relief.
 {¶ 50} Appellant's third assignment of error is overruled.
 {¶ 51} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Appellant's Letter of Guardianship from the Hamilton County Probate court dated July 23, 2004 finding her incompetent pursuant to R.C. 2111.02, was not presented to the trial court until July 28, 2004, nearly three weeks after appellant's July 9, 2004 sentencing.