OPINION
{¶ 1} Defendant-appellant, Garold E. Ward, appeals a decision of the Clermont County Court of Common Pleas convicting him on numerous counts of tax-related offenses and sentencing him to 87 months in prison. For the reasons outlined below, we affirm in part and reverse in part.
 {¶ 2} On October 29, 2003, a grand jury returned a 91-count indictment against appellant for various tax-related crimes in connection with his garden supply business. Appellant failed to obtain the requisite vendor's licenses and to file sales and state income tax returns for a period of time spanning from 1998 through October 2003. The total arrearage amounted to $187,796. Appellant entered his initial guilty plea on June 28, 2004. The plea encompassed seven counts of income tax prohibitions in violation of R.C. 5747.19, a fourth degree felony; three counts of failing to remit sales taxes in violation of R.C. 5747.99(E), a fourth-degree felony; and one count of aggravated theft in violation of R.C. 2913.02(A)(1), a third-degree felony. The remaining counts were dismissed. At the August 4, 2004 sentencing hearing, the court imposed a total prison term of 87 months after denying appellant's oral motion to withdraw his guilty plea. The aggregate term consisted of seven 17-month terms for income tax prohibitions, to run concurrently with the 36-month term imposed for aggravated theft, and three 17-month terms for failing to remit sales taxes, to run consecutive to each other and to the 36-month term.
 {¶ 3} On January 25, 2005, following the voluntary dismissal of an appeal, appellant's plea was vacated due to a number of clerical errors in the indictment. The indictment was amended to reflect, inter alia, that the counts pertaining to income tax prohibitions and failing to remit sales taxes were fifth degree rather than fourth-degree felonies. Appellant pled guilty to the same counts, as amended.
 {¶ 4} On February 16, 2006, prior to sentencing, appellant submitted a letter to the court expressing his desire to withdraw the guilty plea. The letter described the despair and confusion experienced by appellant and his family following entry of the plea, attributing this in part to misinformation communicated through appellant's allegedly inept defense attorney. The letter informed the court that appellant had retained new counsel, and requested that he be permitted to vacate the guilty plea. The court held a hearing, at the conclusion of which it denied the motion. On August 8, 2005, the court imposed the same sentence as before, with minor changes that did not affect the aggregate 87-month term. Appellant timely appealed, raising four assignments of error which we will address slightly out of order.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE HIS PLEA PRIOR TO SENTENCING."
 {¶ 7} In his first assignment of error, appellant argues that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea because the plea was uninformed and coerced.
 {¶ 8} Prior to accepting a guilty plea, the trial court must personally address the defendant to determine that the plea is made voluntarily and that the defendant comprehends the crimes charged, the maximum penalties, as well as his ineligibility for probation or community control sanctions, if applicable. Crim.R. 11(C)(2)(a). The court must also ensure that the defendant understands that the court may enter judgment and impose sentence upon acceptance of the guilty plea. Crim.R. 11(C)(2)(b). A defendant may withdraw his plea prior to sentence, or subsequent to sentence if necessary to remedy a "manifest injustice." Crim.R. 32.1.
 {¶ 9} Although a motion to withdraw a presentence guilty plea should be liberally granted, this does not amount to an absolute right on the part of the movant. State v. Xie (1992),62 Ohio St.3d 521, 527. The trial court must conduct a hearing on the motion to decipher "whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. The court's decision to grant or deny a motion to vacate a plea will not be overturned on appeal absent an abuse of discretion. Id. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151, 158.
 {¶ 10} A reviewing court may examine a number of factors in resolving whether the trial court abused its discretion in refusing to grant a presentence motion to withdraw a guilty plea. These factors include whether the accused was represented by competent counsel, afforded a full Crim.R. 11 hearing prior to entering the plea, given a complete and impartial hearing on the motion to vacate, and whether the trial court fully and fairly considered the withdrawal request. State v. Burns, Butler App. No. CA2004-07-084, 2005-Ohio-5290, ¶ 13. Additionally, the reviewing court may consider the timing of the motion, the proffered reasons for the withdrawal, the existence of a meritorious defense, and whether the state would have been prejudiced by the withdrawal. Id. Accord State v. Metcalf,
Butler App. No. CA2002-12-299, 2003-Ohio-6782.
 {¶ 11} After thoroughly reviewing the record, we conclude that the trial court did not abuse its discretion in denying appellant's withdrawal motion. Appellant underwent two Crim.R. 11 examinations during which the court thoroughly reviewed the offenses. Twice the court notified appellant that it was not too late to change his mind as to his plea, and twice appellant expressed his desire to go forward. Appellant indicated that he understood the nature of the charges, the penalties involved, and the rights he was surrendering by pleading guilty. He affirmed that he had discussed the charges and potential penalties with his attorney. He asked the court if he would receive credit for time already served. The trial court concluded that appellant's guilty plea was "knowingly, intelligently, and voluntarily made[.]" In view of the fact that the court set the date for sentencing at the conclusion of the hearing, appellant cannot now claim that he did not know sentencing would soon follow.
 {¶ 12} Appellant was also given a complete hearing on his motion to vacate the guilty plea. At this hearing, the court permitted appellant's replacement counsel to present arguments supporting the motion. The court also heard testimony from appellant, his wife, and his mother. In summary, all three reported feeling pressured, scared, and confused as a result of the alleged poor treatment and substandard advice of the original defense counsel. They decried the attorney as a purportedly harsh and indifferent individual who "ordered" appellant to plead guilty and chastised appellant for his odious moral character. Appellant insists that this "hostile climate" rendered his guilty plea involuntary.
 {¶ 13} Appellant's argument is without merit. During the motion hearing, the trial court insisted that it had "bent over backwards to try to make sure [appellant] [understood] what [was] going on" at his plea hearings. Discordant relations with his first attorney, while unfortunate, and if true, do not alone render appellant's plea involuntary. Further, appellant did not maintain his innocence or present a viable defense. Appellant consistently conceded that he committed the offenses, rationalizing his conduct by citing a thieving business partner and economic failure of the business.
 {¶ 14} In view of appellant's open admission of guilt, it appears that he suffered a change of heart after discussing the resubmitted guilty plea with his family. Appellant openly cited his desire to avoid a prison sentence so that he could remain free to work. His withdrawal motion, then, essentially amounted to a desire to evade prison rather than to assert his innocence. "A defendant who has a change of heart regarding his guilty plea should not be allowed to withdraw that plea just because he realizes that an unexpected sentence may be imposed." State v.Hamblin (Mar. 26, 2001), Butler App. No. CA2000-071-54, at 5-6.
 {¶ 15} As stated, although appellant filed his motion to withdraw prior to sentencing, this does not convert appellant's request to an absolute right. See Xie, 62 Ohio St.3d at 527. We conclude that the trial court did not abuse its discretion in denying appellant's motion. Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO THE SHORTEST PRISON TERM."
 {¶ 18} Assignment of Error No. 4:
 {¶ 19} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SERVE CONSECUTIVE SENTENCES."
 {¶ 20} In his third and fourth assignments of error, appellant maintains that the imposition of nonminimum, consecutive sentences based on facts neither found by a jury nor admitted by appellant infringed upon his Sixth Amendment rights and violated the rule set out by the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 21} In State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, the Ohio Supreme Court ruled that certain Ohio sentencing laws requiring judicial fact-finding prior to the imposition of nonminimum or consecutive sentences are unconstitutional in light of Blakely, 542 U.S. 296. As a result of the high court's severance of the applicable provisions from Ohio's sentencing code, judicial fact-finding prior to the imposition of a sentence within the basic ranges of R.C.2929.14(A) is no longer required. Foster at paragraph two of the syllabus. See, also, State v. Mathis, ___ Ohio St.3d ___,2006-Ohio-855, paragraph three of the syllabus.
 {¶ 22} The Foster court mandated that all cases pending on direct review in which the unconstitutional sentencing provisions were applied be remanded for resentencing. Id. at ¶ 104. The court refined this holding to exclude sentences that a defendant failed to appeal. State v. Saxon, ___ Ohio St.3d ___,2006-Ohio-1245, paragraph three of the syllabus. This admonition does not constrain the present matter, however, in view of the fact that appellant assigned as errors the trial court's imposition of consecutive and nonminimum sentences. See id. Accordingly, we remand this case for resentencing consistent withFoster. Appellant's third and fourth assignments of error are sustained.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "THE TRIAL COURT ERRED IN FINDING APPELLANT NOT AMENABLE TO COMMUNITY CONTROL SANCTIONS."
 {¶ 25} In his second assignment of error, appellant contends that the trial court erred in finding that he was not amenable to community control upon sentencing. See R.C. 2929.13(B)(2)(a). This argument has been rendered moot by our disposition of appellant's third and fourth assignments of error vacating his sentence and remanding for resentencing. We thus need not address appellant's second assignment of error. See App.R. 12(A)(1)(c).
 {¶ 26} Having reviewed the assignments of error, we affirm the trial court's denial of appellant's motion to vacate his guilty plea. However, we reverse the court's sentencing decision, vacate the sentence, and remand this matter for resentencing in accordance with this opinion.
Powell, P.J., and Walsh, J., concur.