OPINION
{¶ 1} Defendant-appellant, William Moore, appeals the decision of the Butler County Court of Common Pleas denying his motion to withdraw his guilty plea and sentencing him for complicity to commit robbery. We affirm the court's denial of appellant's motion, but reverse the court's sentencing decision and remand for resentencing.
 {¶ 2} In May 2005, appellant was indicted for one count of complicity to commit robbery in violation of R.C. 2923.03(A)(2) and 2911.02(A)(2), a second-degree felony. Appellant was also indicted for one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. In December 2005, appellant pled guilty to a third-degree felony count of complicity to commit robbery. The state merged the misdemeanor assault count. After a plea hearing, the common pleas court convicted appellant of the third-degree felony count of complicity to commit robbery.
 {¶ 3} On the day scheduled for his sentencing hearing, appellant made an oral motion to withdraw his guilty plea, which the common pleas court denied. The court sentenced appellant to five years in prison, the maximum prison sentence for a third-degree felony. The court also ordered that appellant serve the sentence consecutively to appellant's prison sentence in a Hamilton County case.
 {¶ 4} Appellant now appeals, assigning two errors.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS PLEA."
 {¶ 7} In this assignment of error, appellant argues that the common pleas court erred in denying his motion to withdraw his guilty plea. According to appellant, he did not make his plea knowingly, intelligently, and voluntarily.
 {¶ 8} Generally, a motion to withdraw a guilty plea, filed before sentencing, should be freely and liberally granted. State v.Metcalf, Butler App. No. CA2002-12-299, 2003-Ohio-6782, ¶ 9. Nevertheless, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Burns, Butler App. Nos. CA2004-07-084 and CA2004-10-126, 2005-Ohio-5290, ¶ 12. The trial court must conduct a hearing on the motion to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. While a trial court is not required to schedule a separate hearing on such a motion, some attempt must be made to consider the arguments in support. State v. Glavic (2001), 143 Ohio App.3d 583, 589. Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed. See State v. Xie (1992),62 Ohio St.3d 521, 527.
 {¶ 9} In determining whether a trial court abused its discretion in refusing to grant a pre-sentence motion to withdraw a guilty plea, a reviewing court examines the following non-exhaustive list of factors: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal. State v.McIntosh, 160 Ohio App.3d 544, 2005-Ohio-1760, ¶ 3.
 {¶ 10} The common pleas court did not hold a separate hearing on appellant's motion to withdraw his guilty plea, but did allow appellant the opportunity to explain the basis for his motion at the beginning of the sentencing hearing. Appellant stated as follows when asked by the common pleas court why he wanted to withdraw his guilty plea: "Because I'm not guilty. The only reason I pled to the felony three is because I was there and I felt like I would lose the trial, but I am not guilty to it, so I want to withdraw it." According to appellant, he had not lied to the common pleas court at the plea hearing when he said that the facts read into the record by the state were true. Appellant told the common pleas court that the facts were "basically saying I was there, and I was there, but I didn't have anything to do with it."
 {¶ 11} At the plea hearing, the state read the following facts into the record:
 {¶ 12} "On April the 5th, 2005 at around 10:00 p.m. in the area of Ross and Edgewood in the City of Hamilton, Butler County, Ohio, William J. Moore did[,] acting with the kind of culpability required for the commission of the offense[,] * * * aid and abet one, Stephen Cason, in the commission of robbery in violation of 2911.02(A)(2) which constitutes the offense of complicity to robbery * * * , a felony of the third degree. The defendant[,] along with his complicitor, Mr. Cason[,] were involved in an incident where they assaulted a victim and the victim's bicycle was taken from him without his permission. The victim received * * * facial [injuries] * * * and * * * [injuries] to his arm. The officers found * * * inside of the trunk of * * * [appellant's] car the * * * victim's bike."
 {¶ 13} After thoroughly reviewing the record, we find no abuse of discretion by the common pleas court in denying appellant's motion to withdraw his guilty plea. There is ample evidence in the record indicating that appellant made his guilty plea knowingly, voluntarily, and intelligently. The record shows that the court held a complete Crim.R. 11 hearing at which the court advised appellant of the nature of the charge against him, the rights he was waiving by pleading guilty, and the penalties he would face. The record indicates that appellant understood the court's advisements. At the hearing, appellant expressed satisfaction with his legal representation. The record shows that the court fully and fairly considered appellant's motion at the sentencing hearing, at which it gave appellant an adequate opportunity to explain the basis for his motion. At that time, appellant did not offer a possible defense to the charge other than a general assertion that, while he was at the scene of the crime, he was not guilty. Appellant made his motion more than a month after he pled guilty, on the day of his sentencing hearing.
 {¶ 14} Contrary to appellant's assertion, the facts read into the record by the prosecutor at the plea hearing did not simply state that appellant was at the crime scene. Rather, the facts stated that appellant "aid[ed] and abet[ted]" another individual in the commission of the crime. Appellant admitted the truth of the facts read by the prosecutor.
 {¶ 15} Based on the above discussion, we overrule appellant's first assignment of error. The common pleas court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. The record does not show a reasonable and legitimate basis for appellant's motion.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT'S MAXIMUM SENTENCE OF FIVE YEARS IS CONTRARY TO LAW AND AN ABUSE OF DISCRETION BECAUSE IT IS DISPROPORTIONATE TO, AND INCONSISTENT WITH, SENTENCES OF SIMILAR OFFENSES AND OFFENDERS."
 {¶ 18} The record shows that, in imposing the maximum prison sentence for the complicity to commit robbery count, and in ordering appellant to serve that sentence consecutively to a prison sentence in a Hamilton County case, the court applied statutory sections declared unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraphs one and three of the syllabus. Because our review of the record indicates that appellant's prison sentence was contrary to law, we sustain appellant's second assignment of error. Accordingly, as the state agrees, we reverse the judgment of the common pleas court as to sentencing, and remand this case for a new sentencing hearing consistent with Foster.
 {¶ 19} Having overruled appellant's first assignment of error, we affirm appellant's conviction for complicity to commit robbery. Having sustained appellant's second assignment of error, we reverse the common pleas court's judgment as to sentencing only, and remand this case for a new sentencing hearing.