[Cite as *State v. Bush*, 2016-Ohio-551.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :          CASE NO.   CA2015-06-046

                                        :          O P I N I O N
- vs -                                              2/16/2016

                                        :

CRAIG M. BUSH,                          :

    Defendant-Appellant.                :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CR 00588


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

John D. Hill, Jr., Louis Rubenstein, 125 East Court Street, Suite 1000, Cincinnati, Ohio 45202, for defendant-appellant


**M. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Craig Bush, appeals his conviction in the Clermont County Court of Common Pleas for aggravated vehicular assault and operating a motor vehicle under the influence ("OVI").

{¶ 2}  Appellant was indicted in October 2014 on three counts of aggravated vehicular assault, three counts of vehicular assault, and two counts of OVI.  The state alleged that on

September 25, 2014, appellant, while driving under the influence of alcohol, rear-ended a vehicle driven by Haylie Schott which in turn rear-ended a vehicle driven by Robert and Mariena Johns. A blood specimen later taken at a hospital revealed that appellant's blood alcohol content was .242. As a result of the chain-reaction collision, Schott is paralyzed from the neck down; Mrs. Johns suffered a concussion and continuing ringing in her ears.

{¶ 3} Appellant pled not guilty and not guilty by reason of insanity ("NGRI"). Over the course of the proceedings, the trial court ordered two separate psychiatric evaluations of appellant. Both evaluations found appellant competent to stand trial. Defense counsel moved for a change of venue, arguing Schott's popularity within the local community would prevent appellant from receiving a fair and impartial trial. The trial court denied the motion. Appellant later filed several pro se motions, including one for a change of venue. The motions were denied by the trial court.

{¶ 4} At a plea hearing on May 8, 2015, appellant stipulated he was competent to stand trial, withdrew his not guilty and NGRI pleas, and entered a guilty plea to two counts of aggravated vehicular assault and one count of OVI. Following a Crim.R. 11 colloquy, the trial court accepted appellant's guilty plea and sentenced him to an agreed aggregate prison term of seven years, all of which was mandatory.

{¶ 5} Appellant appeals, raising one assignment of error:

{¶ 6} THE TRIAL COURT ERRED IN ACCEPTING A GUILTY PLEA WHICH WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶ 7} Appellant argues the trial court erred in accepting his guilty plea because it was not voluntarily entered.

{¶ 8} To be valid, a plea must be knowingly, intelligently, and voluntarily made. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the

Ohio Constitution." *Id.* "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Id.* at ¶ 8. On appeal, appellant does not claim the trial court failed to comply with Crim.R. 11(C). Rather, he asserts several circumstances forced him to plead guilty.

{¶ 9} Appellant first argues his guilty plea was involuntary because while he was competent to stand trial, he is incapable of handling his own legal affairs, as evidenced by a prior application he filed under R.C. Chapter 2111 for the appointment of a guardian to assist him.

{¶ 10} The Clermont County Probate Court dismissed the application on May 8, 2015, finding it was moot in light of appellant's guilty plea. It is therefore speculative as to whether appellant would have been found incompetent as defined by R.C. 2111.01(D). In addition, the fact that a person may be found incompetent under R.C. 2111.01(D) does not mean that the person is incompetent to stand trial under R.C. 2945.37(G). The former is not dispositive of the latter. *State v. Burns*, 12th Dist. Butler Nos. CA2004-07-084 and CA2004-10-126, 2005-Ohio-5290, ¶ 48 (even if a person is found to be incompetent for purposes of R.C. Chapter 2111, that person may still be capable of understanding the nature and objective of the proceedings against him, and of assisting in his own defense).

{¶ 11} In the case at bar, appellant was found competent to stand trial, which includes competency to enter a plea. The record shows that appellant was given a full hearing in compliance with Crim.R. 11(C) before entering his plea. At the plea hearing, the trial court conducted an extensive inquiry of appellant to ensure he understood the charges against him and all of the penalties he faced, the effect of his guilty plea, and the rights he was waiving by pleading guilty. Appellant also denied being coerced or promised anything in exchange for his guilty plea.

{¶ 12} Appellant also argues he had no choice but to plead guilty because (1) the

extensive media publicity and notoriety surrounding the case, especially with regard to Schott, would have made it impossible for him to have a fair trial; (2) given appellant's "ample history" with the trial judge and other Clermont County judges, the trial judge would not have been able to remain impartial; and (3) appellant's relationship with his appointed defense counsel became increasingly strained.[1]  We find no merit to appellant's arguments.

{¶ 13} There is no evidence in the record that the pretrial publicity would have prevented appellant from receiving a fair trial.  Therefore, appellant's conclusion as to the impact of the pretrial publicity on prospective jurors is pure speculation.  In addition, "pretrial publicity even pervasive, adverse publicity does not inevitably lead to an unfair trial." *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 554, 96 S.Ct. 2791 (1976); *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, ¶ 34.  "[E]ven extensive pretrial publicity may have dissipated its effects before trial." *State v. Landrum*, 53 Ohio St.3d 107, 117 (1990).  "[A] careful and searching voir dire provides the best test of whether prejudicial pretrial publicity has prevented obtaining a fair and impartial jury from the locality." *Id.*  We note that appellant and defense counsel both filed a motion for a change of venue, which were denied by the trial court.  Appellant is not challenging the denial of these motions on appeal.

{¶ 14} Judicial bias has been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as [opposed to] an open state of mind which

---

1. In the case at bar, the trial judge was Judge Victor Haddad.  Appellant asserts that Judge Haddad was a Clermont County assistant prosecutor when appellant worked as a confidential informant ("CI") in numerous drug cases.  Appellant also asserts he has worked for a contractor on Judge Haddad's home and would have been seen many times by Judge Haddad drinking beer with his co-workers and then drive home.  The other judges mentioned by appellant are Judges Jerry McBride, Richard Ferenc, and Thomas Herman.  According to appellant, Judge McBride is familiar with appellant's CI past and criminal history; Judge Herman represented appellant on several previous criminal matters; and Judge Ferenc is tainted through his association with the other three judges.

will be governed by the law and the facts." *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, ¶ 48; *State v. Vansickle*, 12th Dist. Fayette No. CA2013-03-005, 2014-Ohio-1324, ¶ 80.

{¶ 15} Contrary to appellant's argument on appeal, there is nothing in the record to suggest that the trial judge harbored any bias toward appellant or that the trial judge's familiarity with appellant and his past as a confidential informant and construction worker affected the trial court's ability to be fair and impartial. On the contrary, the record of the plea hearing reflects that the trial judge treated all parties and counsel with respect and impartiality.

{¶ 16} There is also nothing in the record to suggest appellant was induced into entering the guilty plea because of his "ample history" with the trial judge or other Clermont County judges. Appellant did not raise any issues of bias or concerns of a conflict during the plea hearing. Nor did he seek disqualification of the trial judge or the other Clermont County judges. R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced. *State v. Cumberland*, 4th Dist. Highland No. 04CA14, 2005-Ohio-1229, ¶ 19.

{¶ 17} Discordant relations with an attorney, while unfortunate, and if true, do not alone render a defendant's plea involuntary. *State v. Ward*, 12th Dist. Clermont No. CA2005-05-033, 2006-Ohio-1662, ¶ 13. "The Sixth Amendment does not guarantee 'rapport' or a 'meaningful relationship' between client and counsel." *State v. Henness*, 79 Ohio St.3d 53, 65 (1997). Under the federal and state constitutions, a defendant is simply entitled to the effective assistance of counsel. *State v. Hudson*, 8th Dist. Cuyahoga No. 98967, 2013-Ohio-1992, ¶ 7.

{¶ 18} During the plea hearing, appellant expressed no dissatisfaction with defense

counsel's representation and performance and denied being coerced or promised anything in exchange for his guilty plea. Appellant also never gave any indication he did not want to proceed with the plea hearing due to his strained relationship with defense counsel or for any other reasons. We also note that appellant is not assigning as error on appeal that defense counsel was ineffective in representing him.

{¶ 19} Finally, we note that appellant also asserts his plea was involuntary because during a pre-trial conference three days before the plea hearing, the trial court "impermissibly admonished [him] that should he fire his appointed counsel and attempt to obtain new counsel, the trial court would be unwilling to accept an agreed plea for any less than ten years of incarceration." Appellant has not provided any evidence from the trial court record to support his argument. As in any appeal, this court's review is limited to the record on appeal. *State v. Watson*, 9th Dist. Summit No. 26777, 2014-Ohio-2373, ¶ 15. A direct appeal is not the appropriate context to present evidence outside the record. *State v. Huffman*, 9th Dist. Lorain No. 09CA009585, 2011-Ohio-397, ¶ 5.

{¶ 20} In light of the foregoing, we find that appellant's guilty plea was knowingly, intelligently, and voluntarily entered. Appellant's assignment of error is overruled.

{¶ 21} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.