THE STATE OF OHIO, APPELLEE, *v.* MUENICK, APPELLANT.[redacted]

[redacted]

---

[redacted]

(No. 11781 — Decided May 1, 1985.)

[redacted]

*Lynn Slaby*, prosecuting attorney, for appellee.

*Susan K. Pritchard*, for appellant.

QUILLIN, J. Defendant, Robert G. Muenick, entered a plea of no contest and was convicted of aggravated

murder with specification, aggravated robbery with specification and kidnapping with specification. Muenick appeals. We affirm.

After a plea bargain in which the defendant agreed to plead no contest to the indictment and the state agreed to recommend a life sentence with no parole for thirty years, Muenick entered a no contest plea to all counts and all specifications in the indictment. The trial court personally addressed Muenick, making the required inquiries under Crim. R. 11(C). Muenick was sentenced consistent with the plea bargain.

## ASSIGNMENT OF ERROR I

"The judgment of the trial court should be reversed in that the requirements of Ohio Rule of Criminal Procedure 11(C)(3) have not been satisfied."

Defendant contends that Crim. R. 11(C)(3) compels the trial court to take additional testimony after accepting a plea of no contest to a charge of aggravated murder with a specification. Crim. R. 11(C)(3) provides that upon acceptance of a plea of guilty or no contest to the charge of aggravated murder with a specification, the court shall "(a) determine whether the offense was aggravated murder or a lesser offense * * *." The issue here is how this determination is to be made.

At one time, G.C. 13442-5 provided that if an accused pleaded guilty to first degree murder the court was to "examine the witnesses * * * [and] determine the degree of crime * * *." See State v. Frohner (1948), 150 Ohio St. 53 [37 O.O. 406]; and State, ex rel. Scott, v. Alvis (1951), 156 Ohio St. 387 [46 O.O. 230]. Thus, under prior law, the court had to determine from the evidence the degree of the crime.

Presently, Crim. R. 11(C)(3)(a) merely provides that the court has to determine whether the offense was aggravated murder or a lesser offense. The record shows that the trial court correctly made that determination.

After the trial judge made the mandated inquiries under Crim. R. 11(C), the prosecuting attorney gave a statement of the facts of the case. The trial court then asked defense counsel if they had anything to offer; they did not. In addition, the trial court had before it a confession which the defendant had unsuccessfully sought to suppress. The trial court then determined that Muenick was guilty of aggravated murder with a specification. The requirements of Crim. R. 11(C)(3) were satisfied.

The first assignment of error is overruled.

## ASSIGNMENT OF ERROR IIA

"The judgment on all counts should be vacated as it was based upon an indictment obtained, in whole or part, using the privileged and incompetent testimony of defendant-appellant's wife before the Summit County Grand Jury, without which the indictment could not have been obtained."

Muenick argues that the testimony of his wife before the grand jury was both incompetent and privileged. The Ohio Rules of Evidence do not apply to proceedings before grand juries, other than with respect to privileges. Evid. R. 101(C)(2). Therefore, under the Ohio Rules of Evidence, Muenick's wife was competent to testify before the grand jury.

The privilege that applies to statements between spouses does not apply where the statements are made in the presence of a third person competent to testify. R.C. 2945.42. Muenick made the statements to his wife in the presence and hearing of his wife's two sons. At the time of the statements, the boys were ten and eleven years old.

Under the Ohio Rules of Evidence, a person ten years or older is presumed competent to be a witness. Evid. R. 601(A). Therefore, the testimony of Muenick's wife before the grand jury was neither incompetent nor privileged.

Even if the testimony of Muenick's wife before the grand jury were incompetent, an indictment and subsequent proceedings based thereon are not rendered invalid on the ground that illegal and incompetent evidence was heard by the grand jury which voted the indictment. In *United States* v. *Calandra* (1974), 414 U.S. 338, 344-345 [66 O.O.2d 320], the Supreme Court held:

"The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, *Costello* v. *United States,* * * * [350 U.S. 359 (1956)]; *Holt* v. *United States,* 218 U.S. 245 (1910); or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination, *Lawn* v. *United States,* 355 U.S. 339 (1958)."

The motion to quash the indictment was correctly overruled.

### ASSIGNMENT OF ERROR IIB

"The trial court committed error, prejudicial to the defendant-appellant, when it overruled the defense motion for disclosure of the grand jury transcripts relative to the testimony of Nancy Muenick."

The disclosure of grand jury testimony is controlled by Crim. R. 6(E) and release of such testimony is within the discretion of the trial court. The Ohio Supreme Court set out the standard for disclosure of grand jury testimony in *State* v. *Greer* (1981), 66 Ohio St. 2d 139 [20 O.O.3d 157]:

" 'Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. * * *' " *Id.* at 148.

The trial court conducted a hearing at which this motion was considered. The trial judge thoroughly examined the arguments of defense counsel and found no showing of particularized need. We agree.

Defendant's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

"Defendant-appellant's conviction of kidnapping should be vacated as the crimes of aggravated robbery and kidnapping are allied offenses of similar import and the imposition of multiple sentences is barred by R.C. § 2941.25.

"Defendant-appellant's conviction of kidnapping should be vacated as his plea thereto was not knowingly, intelligently and voluntarily made in that he was not advised at the time of his plea as to the consequences of his indictment containing allied offenses of similar import."

Appellant argues that the crimes of aggravated robbery and kidnapping are allied offenses of similar import. This issue was not raised in the trial court. The Ohio Supreme Court set out guidelines for determining when crimes are allied offenses of similar import in *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 128 [14 O.O.3d 373]. The court provided that:

"In addition to the requirement of similar import of the crimes committed, the defendant, in order to obtain the protection of R.C. 2941.25(A), must show that the prosecution has relied upon the same conduct to support both offenses charged. * * *"

The court recognized that when a person commits the crime of robbery, he must, by the very nature of the crime, restrain the victim for a sufficient amount of time to complete the robbery. In that instance, without more, R.C. 2941.25 prohibits conviction for both offenses.

However, the primary issue is whether the restraint or movement of the victim is merely incidental to a separate underlying crime, or whether it has a significance independent of the other offense. Notwithstanding the fact that a defendant is charged with two offenses of the same or similar kind he may be convicted of them both if he committed them separately, or if he possessed a separate "animus" as to each. *State v. Logan, supra,* at 129.

Muenick, who transported the victim ten miles before killing him, has failed to show that the prosecution relied upon the same conduct to support both offenses charged. Appellant's third assignment of error is overruled. The judgment of conviction is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and GEORGE, J., concur.