The STATE of Ohio, Appellee,

v.

BOLIN, Appellant.

[Cite as *State v. Bolin* (1998), 128 Ohio App.3d 58.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71020.

Decided May 26, 1998.

---

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Melody A. White*, Assistant Prosecuting Attorney, for appellee.

*Donald Green*, Cuyahoga County Assistant Public Defender, for appellant, and *Gary Bolin, pro se.*

---

PATRICIA ANN BLACKMON, Administrative Judge.

Gary Bolin, defendant-appellant, appeals the decision of the trial court convicting him of aggravated murder and aggravated robbery upon his guilty plea and sentencing him accordingly. Bolin assigns the following four errors for our review:

"I. Finding Gary Bolin competent to enter a plea of guilty, when the evidence was clear that Mr. Bolin was not competent to stand trial, violated Mr. Bolin's right to due process because the competency standard for pleading guilty is the same standard as that for standing trial.

"II. Gary Bolin was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when counsel allowed him to plead guilty even though he was incompetent to stand trial.

"III. The state's failure to examine witnesses or put on evidence does not allow a conviction for aggravated murder pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10, and 16 of the Ohio Constitution, Rule 11(C)(3) of the Ohio Rules of Criminal Procedure and Ohio Revised Code § 2945.06.

"IV. The trial court erred when it failed to substantially comply with Rule 11 of Ohio's Rules Criminal Procedure by failing to inform Gary Bolin that he had a right to have a jury during the penalty phase of his trial."

After reviewing the record and the legal arguments of the parties, we conclude that the trial court applied an incorrect standard when evaluating Bolin's competency. Accordingly, we reverse Bolin's conviction and remand this case to the trial court for a competency determination based upon the correct standard of law. The apposite facts follow.

On October 24, 1989, Gary Bolin was indicted for aggravated murder and aggravated robbery, both with firearm specifications. Pursuant to a request from Bolin's attorney, the court referred Bolin to the court psychiatric clinic for evaluation. Bolin was found to be incompetent to stand trial due to profound memory disturbances.

At a competency hearing on May 24, 1991, Bolin's trial counsel told the court that a plea agreement had been reached with the prosecution. The agreement provided that the state would forgo seeking the death penalty if Bolin pleaded guilty to the indictment. The parties also agreed to a sentence of thirty years for the aggravated murder charge plus three years for the gun specification. They also agreed on a concurrent five-to-twenty-five-year sentence for the aggravated robbery and merger of the second gun specification. The court heard testimony from several witnesses as to Bolin's competency to enter a guilty plea.

Forensic psychologist Dr. James Eisenberg testified as follows:

"The competency to understand a plea does not involve the same kind of capacities as understanding and listening to witnesses, listening for contradictions, being able to have a cooperative relationship with his attorneys. That is a much higher level than having the cognitive abilities as in this case, just the competency to know what he is waiving, understanding a plea, knowing what the consequences are to entering that plea. I believe he meets that criteron."

Psychiatrist Dr. Dallas Erdmenn stated:

"[T]here are different standards for competency depending on the particular issues. Competency is different to form a will than it is to stand trial, and in between is the issues of being able to enter a plea, regarding the entering of a plea. The cognitive abilities needed to do that are less than they are to participate in a capital trial such as the one that Mr. Bolin is facing. In my estimation, he is able to enter a plea, but has more difficulty when it comes to understanding the complexities of the trial and assisting his attorneys is his proper defense, namely in being able to point out discrepancies in testimony, and his ability to assist in that fashion."

After being advised of his rights, Bolin entered a plea of guilty to both counts of the indictment and was given the agreed-upon sentence. This appeal followed.

We will address Bolin's second assigned error first. Because we have concluded that this error is well taken, we find his first assigned error to be moot. The remaining errors will be discussed accordingly.

■ Our approach to resolving this appeal is largely controlled by *Godinez v. Moran* (1993), 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321. In *Godinez,* the United States Supreme Court held that the standard for determining the

competency to stand trial and the competency to enter a plea were the same. Prior to *Godinez* the circuits were split on this issue. Some said that the standard for determining competency to plead guilty was higher. *Westbrook v. Arizona* (1966), 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429; *Blackmon v. Armontrout* (C.A.8, 1989), 875 F.2d 164, 166, certiorari denied (1989), 493 U.S. 939, 110 S.Ct. 337, 107 L.Ed.2d 326; *United States v. McDowell* (C.A.6, 1987), 814 F.2d 245, 250, certiorari denied (1987), 484 U.S. 980, 108 S.Ct. 478, 98 L.Ed.2d 492; *Matusiak v. Kelly* (C.A.2, 1986), 786 F.2d 536, 542, certiorari denied (1986), 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172; *Suggs v. LaVallee* (C.A.2, 1978), 570 F.2d 1092, 1120, certiorari denied (1978), 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263; *United States ex rel. Konigsberg v. Vincent* (C.A.2, 1975), 526 F.2d 131, 133, certiorari denied (1976), 426 U.S. 937, 96 S.Ct. 2652, 49 L.Ed.2d 388.

In *Godinez,* the Supreme Court held that the competency standard for pleading guilty or waiving the right to counsel is the same as the competency standard for standing trial: whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings against him." *Id.* at syllabus.

However, in *Godinez,* the court had already determined that Godinez was competent to stand trial but had not made an independent determination that he was competent to plead guilty. The Supreme Court, in essence, held that if a defendant was determined to be competent to stand trial, he is also competent to plead guilty, which brings us to the problem in this case.

In his second assignment of error, Bolin argues that his trial counsel's decision to allow him to plead guilty constituted ineffective assistance of counsel. He argues that trial counsel should not have allowed him to plead guilty because he was mentally incompetent to stand trial.

A showing of ineffective assistance of trial counsel must include a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. An analysis of the record makes clear that, but for defense counsel's decision to abandon the incompetency issue, the outcome of Bolin's case would have been different. "[A] prisoner should not be permitted to plead guilty to a criminal charge * * * if his mental condition was such that he was unable to understand the proceedings before him or properly to assist in his own defense." *United States v. Valentino* (C.A.2., 1960), 283 F.2d 634, 635.

Though *Godinez* was not decided until after Bolin pleaded guilty, it is well settled that, absent a specific provision in a decision that it should be applied only

prospectively, the decision should also be applied retrospectively. *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418–419. Even if *Godinez* is not retroactive, the law at the time in the majority of circuits, including the Sixth Circuit, was that the standard to determine competency to enter a plea was higher than the standard to determine competency to stand trial.

All the evidence presented before the trial court at the competency hearing indicated that Bolin was incompetent to stand trial. Bolin's trial counsel made the following statement to the trial court:

"In consulting with our experts, our experts have an opinion, and are prepared to testify that Mr. Bolin is not competent in the sense of a trial, understanding those complexities, but is competent to enter a plea of guilty because he understands the nature of the charge, and understands the ultimate penalties, and understands the issues that would be presented in a plea of guilty."

Trial counsel's experts also applied an incorrect standard of competence. Dr. James Eisenberg testified that the competency to stand trial was "a much higher level" than that necessary to enter a plea. Dr. Dallas Erdmenn testified that the cognitive abilities needed to enter a plea are "less than they are to participate in a capital trial." The testimony of trial counsel as well as the expert testimony clearly set forth an erroneous standard for determining competence to enter a guilty plea. Consequently, Bolin has met the first prong of the ineffective assistance of counsel test by showing an unreasonable error by his trial counsel.

Bolin has also satisfied the second prong of the ineffective assistance of counsel test—a showing that the outcome of the proceeding would have been different if not for the alleged error. "Because an incompetent defendant may not be convicted of a crime, a court's decision regarding the competency of an individual to stand trial will always be outcome-determinative in the most fundamental sense." *In re Williams* (1997), 116 Ohio App.3d 237, 687 N.E.2d 507.

We conclude that, due to trial counsel's unreasonable error in presenting an incorrect standard of competency, the trial court was unable to make a reliable determination of Bolin's competency. *Id.*

Bolin's second assignment of error is well taken. We reverse Bolin's conviction and remand this case to the trial court for a competency hearing that applies the correct legal standard. This court is mindful that Bolin has been in jail for seven years or more. We also realize that he may well be competent to stand trial at this time. Regardless of the time, Bolin deserves to have this issue properly resolved.

In his third assignment of error, Bolin argues that his conviction for aggravated murder was erroneous in light of the state's failure to examine

witnesses or put on any evidence. In support of his argument, Bolin cites R.C. 2945.06 and Crim.R. 11(C)(3); R.C. 2945.06 provides that, when a defendant pleads guilty to aggravated murder, a three-judge panel shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. This issue was recently resolved by the Ohio Supreme Court in *State v. Green* (1998), 81 Ohio St.3d 100, 689 N.E.2d 556. In *Green,* the court held that "when a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant." *Id.* at 104–105, 689 N.E.2d at 559.

The *Green* court specifically rejected this court's decision in *State v. Burrage* (Oct. 7, 1993), Cuyahoga App. No. 63824, unreported, 1993 WL 398534. In *Burrage,* we held that because R.C. 2945.06 requires the three judge-panel to examine witnesses, it is in conflict with Crim.R. 11(C)(3), which imposes no such requirement. Citing *State v. Post* (1987), 32 Ohio St.3d 380, 392, 513 N.E.2d 754, 765–766, the court rejected *Burrage* and concluded that there was no such conflict. *Id.,* 81 Ohio St.3d at 103, 689 N.E.2d at 558–559.

In this case, however, Bolin's trial counsel stipulated that the plea was supported by facts. Stipulations of fact made during the course of a criminal trial by a defendant or by defendant's counsel in his presence have been held to be binding and enforceable. *Post,* 32 Ohio St.3d at 393, 513 N.E.2d at 766–767; *State v. Shakoor* (Dec. 13, 1996), Trumbull App. No. 93–T–4917, unreported, 1996 WL 788413 appeal dismissed (1997), 78 Ohio St.3d 1464, 678 N.E.2d 221. See, also, *Green,* 81 Ohio St.3d at 104, 689 N.E.2d at 559–560. Consequently, we conclude that the trial court met its responsibilities under R.C. 2945.06. Bolin's third assignment of error is overruled.

Finally, Bolin argues that the trial court did not substantially comply with Crim.R. 11 before accepting Bolin's guilty plea. Specifically, he argues that the trial court failed to advise Bolin that he had the right to have a jury during the penalty phase of his trial.

■ Our review of the record reveals that the trial court complied with the provisions of Crim.R. 11(C) by determining that Bolin entered his plea voluntarily, with understanding of the nature of the charge and the maximum penalty, as well as his ineligibility for probation; informing him of and determining that Bolin understood the effect of his plea and that the court could sentence him immediately; and informing him and determining that he understood that by his plea, he was waiving his rights to a jury trial, to confront witnesses against him, to use compulsory process to compel people to appear and testify on his behalf,

and to require the state to prove his guilt beyond reasonable doubt at a trial at which he could not be compelled to testify against himself. We conclude that the trial court substantially complied with the requirements of Crim.R. 11(C)(2) in this case. Consequently, we overrule Bolin's fourth assignment of error.

*Judgment reversed*
*and cause remanded.*

KARPINSKI, J., concurs and concurs separately.

TIMOTHY E. McMONAGLE, J., concurs in part and dissents in part.

KARPINSKI, Judge, concurring.

I concur in the majority opinion but write separately to respond to the dissent. I note that the Supreme Court of Ohio reviewed and did not overrule *Post* when the court made its decision in *Green*. Thus, we must decide at what discrete point the case at bar is to be located on the spectrum created by *Post* and *Green*.

In *Post* the court found that R.C. 2945.06 was satisfied because the parties explicitly agreed to allow the state to present a statement of facts in fulfillment of its evidentiary burden. In *Green*, on the other hand, the prosecutor recited the facts and proffered reports and photographs. The Supreme Court found such a recitation inadequate, however, because relying on a prosecutor's statement *"without the explicit consent of the defense"* was inherently dangerous. As illustration, the court pointed out that the prosecutor's statement included "material misrepresentations and gross inaccuracies." In *State v. Shakoor, ante*, which the dissent also cites, there was no statement of facts, nor did the defense agree to the omission. The issue, therefore, turned on what kind of evidence would satisfy R.C. 2945.06.

While there was no statement of facts in the case at bar, the defense explicitly acknowledged that there was a factual basis for the charge. Such an acknowledgment by the defense is more akin to the facts in *Post*, where the defense consented to the omission of witness testimony.

More importantly, in acknowledging a factual basis for the charge, the defense invited and waived any claim of error the court may have made in not proceeding to take evidence. The Supreme Court of Ohio has previously clarified that it has "never held that the failure to comply with the R.C. 2945.06 witness-examination requirement is a jurisdictional defect." *State ex rel. Collins v. Leonard* (1997), 80

Ohio St.3d 477, 687 N.E.2d 443. If, as the dissent contends, there was an error in the case at bar, it was procedural and invited or waived by the defense.

TIMOTHY E. McMONAGLE, Judge, concurring in part and dissenting in part.

I concur with the majority's opinion on appellant's first, second, and fourth assigned errors. However, I must respectfully dissent from the opinion of the majority on appellant's third assigned error, wherein the majority found that the trial court met the requirements of Crim.R. 11(C)(3) and R.C. 2945.06 when it accepted appellant's plea of guilty to the indictment for aggravated murder without examining witnesses prior to making its determination that he was guilty of aggravated murder and not the lesser but included offense of murder.

Our Supreme Court has clearly stated that "[w]hen a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is *required* to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant." (Emphasis added.) *State v. Green* (1998), 81 Ohio St.3d 100, 689 N.E.2d 556, at the syllabus. Despite this mandate, the majority today finds that because, at the plea hearing, counsel for the appellant stated that "there is a factual basis for the plea," then appellant is bound by this "stipulation of fact" and the trial court met its responsibilities pursuant to the rule. I do not agree.

The majority relies on *State v. Post* (1987), 32 Ohio St.3d 380, 513 N.E.2d 754, and *State v. Shakoor* (Dec. 13, 1996), Trumbull App. No. 93–T–4917, unreported, 1996 WL 788413, appeal dismissed (1997), 78 Ohio St.3d 1464, 678 N.E.2d 221, for the proposition that stipulations of fact made by the defendant's counsel are binding and enforceable and may be presented in lieu of witnesses or other evidence. I find that the cases relied upon by the majority are distinguishable from the matter *sub judice* and, consequently, that such reliance upon them is misplaced.

In *Post,* the defendant was charged with aggravated murder, he entered a plea of "no contest," and the court, after receiving a statement of facts proffered by the state, found him guilty. On appeal, Post argued that Crim.R. 11(C)(3) required the court to conduct an evidentiary hearing at which the state must prove the existence of the aggravating circumstances beyond a reasonable doubt. The court of appeals concluded that Crim.R. 11(C)(3)(c) when read *in pari materia* with R.C. 2945.06 requires the three-judge panel upon acceptance of a no contest plea to the charge of aggravated murder to hear evidence in deciding whether the accused is guilty of aggravated murder beyond a reasonable doubt. However, the court went on to find that based upon the record before it (a certificate of defense counsel signed in Post's presence and read in open court),

Post was bound by the agreed-upon procedure wherein the state would proffer a statement of facts in lieu of witnesses or other evidence.

In *State v. Shakoor, supra,* defendant was charged with aggravated murder and entered into a plea agreement. On appeal, *Shakoor* contended that the trial court failed to determine whether the offense was aggravated murder or murder because the court failed to take evidence. The court of appeals in reliance on *State v. Muenick* (1985), 26 Ohio App.3d 3, 26 OBR 171, 498 N.E.2d 171, determined that a tribunal is not required to take testimony after a guilty plea is accepted to a charge of aggravated murder, but is only required to determine whether the offense constituted aggravated murder or a lesser offense. The *Shakoor* court determined that where the trial court had before it a psychiatric report and statement regarding appellant's previous criminal record, the age of appellant, the facts as recited by the prosecutor, and the parties' stipulation that the mitigating factors outweighed the aggravating circumstances, it properly determined the finding that the offense was aggravated murder.

However, unlike the circumstance of *Post,* in the matter before us, the record does not reveal that defense counsel agreed or stipulated to any facts. Further, the record does not demonstrate that the prosecutor presented any statement of facts to the court to which defense counsel could have stipulated. Consequently, where there is no agreement or stipulation to a statement of facts before us, I find the majority's reliance on the reasoning of the *Post* court to be misplaced. Moreover, in light of the Supreme Court's recent holding in *State v. Green, supra,* I do not see the holding of *State v. Muenick, supra,* to be the standard to be applied to determine compliance with the Crim.R. 11 mandate. Therefore, I find the majority's reliance on *State v. Shakoor, supra,* to be misplaced.

Accordingly, because the trial court failed to examine witnesses in order to make a Crim.R. 11 determination as to the guilt of appellant after his plea of guilty to aggravated murder, I would find appellant's third assignment of error well taken.