JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Mathew Brooks appeals from his conviction in the Cuyahoga County Court of Common Pleas for attempted gross sexual imposition. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On June 25, 2002, the Cuyahoga County Grand Jury indicted defendant on one count of gross sexual imposition in violation of R.C.2907.05.
 {¶ 3} On August 28, 2002, defendant was referred to the court psychiatric clinic for an evaluation of his competence to stand trial.
 {¶ 4} On October 10, 2002, defendant appeared in court and executed a waiver of jury trial.
 {¶ 5} On October 11, 2002, defendant was deemed competent to stand trial.
 {¶ 6} On October 17, 2002, following a bench trial, defendant was found guilty of attempted gross sexual imposition, a lesser included offense. On December 17, 2002, defendant was sentenced to a term of six months incarceration. Defendant appeals and assigns one assignment of error for our review.
 {¶ 7} "I. Appellant did not make a knowing, intelligent and voluntary waiver of his right to jury trial, and the trial court was without jurisdiction to proceed with a bench trial, where appellant's waiver of jury trial was made after his competence was called into question and before the trial court found appellant to be competent."
 {¶ 8} In order for a jury waiver to be valid, it must be made voluntarily, knowingly, and intelligently. State v. Bays (1999),87 Ohio St.3d 15, 19. A written waiver of a jury trial is presumed to be voluntary, knowing, and intelligent unless the defendant can show otherwise. Id. The trial court is not required to interrogate a defendant in order to determine whether he is fully apprised of the right to a jury trial. State v. Jells (1990), 53 Ohio St.3d 22 at syllabus. The defendant's rights are protected as long as the written waiver, signed by the defendant, is filed with the court, and made in open court after arraignment and the opportunity to consult with counsel. State v. Morris
(1982), 8 Ohio App.3d 12, 14.
 {¶ 9} Here, the record shows that the defendant executed a jury waiver in compliance with R.C. 2945.05. The transcript states, in pertinent part:
 {¶ 10} "The Court: * * * I do have in front of me defendant's waiver of jury trial. Have you spoken with [defendant] about this?
 {¶ 11} "Defense Counsel: Yes, your honor. I have reviewed that entire document with him. I can tell you that is his signature on the document. I have signed it indicating that I reviewed the document as well as witnessing his signature.
 {¶ 12} "The Court: You understand under both Constitutions, United States and State of Ohio, you have a right to a jury trial. That means twelve people would decide your case, but they have to do that by unanimous vote either guilty or not guilty. Do you understand that?
 {¶ 13} "The Defendant: Yes.
 {¶ 14} "The Court: Has anyone threatened you or promised you anything in order for you to sign this waiver of the jury trial?
 {¶ 15} "The Defendant: No.
 {¶ 16} "The Court: You have done it knowingly and voluntarily —
 {¶ 17} "The Defendant: Yes.
 {¶ 18} "The Court: — after speaking with [your counsel]?
 {¶ 19} "The Defendant: Yes.
 {¶ 20} "The Court: Do you have any questions of myself or [your counsel] at this time regarding this jury trial waiver?
 {¶ 21} "The Defendant: No.
 {¶ 22} "The Court: [Counsel], is it your professional opinion that he has signed this knowingly and voluntarily?
 {¶ 23} "Defense Counsel: To the best of his ability it is.
 {¶ 24} "The Court: We will accept it as such * * *."
 {¶ 25} Defendant argues that his jury waiver is invalid because the trial court failed to determine his competency prior to accepting his waiver. We disagree. Pursuant to R.C. 2945.37(G), there is a presumption that a defendant is competent to stand trial. Defendant's reliance onState v. Bolin (1998), 128 Ohio App.3d 58 is misplaced. In Bolin, the court held that an incompetent defendant may not enter a guilty plea. Here, the defendant was found competent by the trial court the next day, prior to the start of the trial.
 {¶ 26} Based on the properly signed voluntary waiver of jury trial and the defendant's statements before the trial judge, we find that the defendant has not made any type of showing to suggest that the waiver was not intelligently or freely made.
 {¶ 27} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, A.J., and Colleen Conway Cooney, J., concur.