[Cite as *State v. Calabrese*, 2017-Ohio-7316.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 104151

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CARL E. CALABRESE

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591977-A

**BEFORE:** Blackmon, J., Keough, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 24, 2017

**ATTORNEY FOR APPELLANT**

David M. Lynch
333 Babbitt Road, Suite 333
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Brett Hammond
David Schwark
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Carl E. Calabrese ("Calabrese") appeals from the order of the trial court denying his motion to vacate his guilty plea to intimidation. He assigns the following error for our review:

The trial court committed error by denying [Calabrese's] motion to vacate his plea because [Calabrese] was mentally incapable of entering his guilty plea on the day that he entered it.

{¶2} Having reviewed the record and pertinent law, we affirm.

{¶3} The record reflects that in 2004, the Cuyahoga County Probate Court issued an order finding Calabrese incompetent, and appointing a guardian for him. Several months later, Calabrese pled guilty in Case No. CR-03-443466 to intimidation, attempted intimidation, and vandalism, apparently in connection with actions against a Lyndhurst Municipal Court judge. Calabrese was sentenced to three years imprisonment.

{¶4} On December 18, 2014, Calabrese was indicted on one count of intimidation, arising out of statements that he made to a Mayfield Heights Police Department employee, again concerning the same Lyndhurst Municipal Court judge. In January 2015, after Calabrese's counsel advised the court that the guardianship remained in effect, Calabrese was referred to the court's psychiatric clinic, and the matter was transferred to the court's mental health docket. The February 12, 2015 and April 16, 2015 reports of the psychiatric clinic indicated that Calabrese has bipolar disorder and

substance dependency issues. He was prescribed mood stabilizing medication and was determined to be eligible for the court's treatment in lieu of a conviction program.

{¶5} At a hearing on April 23, 2015, the parties stipulated to the court psychiatric reports. Defense counsel also explained that the probate guardianship arose from Calabrese's bipolar disorder, and that Calabrese's father is his guardian. Defense counsel stated that "as long as [Calabrese] takes his medications, he seems to be fine and able to cope with everyday life." Calabrese informed the court that he wished to enter a guilty plea, and the trial court undertook a Crim.R. 11 plea colloquy. In relevant part, the court asked Calabrese whether he understood the proceedings, and he stated that he did. He also denied being under the influence of any drugs, alcohol, or medication that would adversely affect his ability to understand what was happening or to enter into a plea. At the conclusion of the colloquy, the court stated:

> [T]he Court is satisfied that * * * Defendant has been informed of his Constitutional rights, [and] understands the nature of the charges, the effect of a plea, and the maximum penalties which may be imposed. The Court further finds that the Defendant's pleas will be made knowingly, intelligently, and voluntarily.

{¶6} After Calabrese pled guilty to intimidation, defense counsel asked the court to place Calabrese in the treatment in lieu of a conviction program. The trial court granted the motion and the case was stayed so that Calabrese could enter treatment in lieu of conviction. He was supervised by the court's mental health unit. He was required to

attend his doctor's appointments, take prescribed medication, undergo drug testing, attend sobriety meetings, and report to his probation officer on a weekly basis. By June 24, 2015, however, Calabrese had tested positive for marijuana five times, and positive for cocaine once. The court continued the intervention program, but Calabrese continued to test positive for marijuana. Calabrese also missed required group meetings and was inconsistent with required 12-step meetings. The court found him to be in violation of community control on November 6, 2015. The court also ordered a reevaluation of Calabrese's medication on that same date.

{¶7} The matter was scheduled for sentencing on December 7, 2015, then was continued until January 26, 2016. Four days before the sentencing hearing, Calabrese's counsel moved to withdraw the guilty plea, asserting that Calabrese "did not have a full understanding of the effect of the plea that he entered nor did he understand the consequences attached thereto."

{¶8} The court held a hearing on the motion to vacate the guilty plea. Calabrese testified that at the time of his plea, he did not know the meaning of the term "in lieu of conviction." Calabrese's guardian, his father, also testified that in the most recent report prepared for the probate court in November 2014, Calabrese was deemed "mentally impaired," due to bipolar disorder that affected his concentration and comprehension. The guardian acknowledged that he was present for the guilty plea, however. Thereafter, the court denied the motion to vacate the guilty plea, noting that Calabrese had highly competent counsel, and that:

[t]he competency in probate is completely different from whether you can legally take a plea and be competent to understand the nature of the proceedings against you in a court of law. So a judge and a lawyer are, in fact, able to assess whether someone understands the nature of the proceedings against them, including [the judge who conducted the plea proceedings] who had been a mental health court judge for many, many years, who conducted a very thorough colloquy with your client at the time.

{¶9} The court then sentenced Calabrese to 18 months imprisonment.

## Motion to Vacate

{¶10} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). We review presentence motions to withdraw guilty pleas for an abuse of discretion. *Id.*

{¶11} In determining whether the trial court abused its discretion by denying a defendant's motion to withdraw a plea, we consider the following factors: (1) whether the accused was represented by highly competent counsel; (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused was given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980).

{¶12} This court has also set forth additional factors to consider, including that: (1) the motion was made in a reasonable time; (2) the motion stated specific reasons for

withdrawal; (3) the record shows that the defendant understood the nature of the charges and possible penalties; and (4) the defendant had evidence of a plausible defense. *State v. Heisa*, 8th Dist. Cuyahoga No. 1018877, 2015-Ohio-2269, ¶ 19; *State v. Pannell*, 8th Dist. Cuyahoga No. 89352, 2008-Ohio-956, ¶ 13.

**{¶13}** In this matter, we find no abuse of discretion. The record demonstrates that Calabrese was represented by highly competent counsel and that prior to entering the plea, Calabrese was referred to the mental health court and referred to the court psychiatric clinic for evaluation. Prior to the plea, the parties stipulated to the court psychiatric clinic reports. These reports indicated that Calabrese has bipolar disorder with psychotic features, but he was prescribed mood stabilizing medication and was eligible for supervision through the Mental Health Court.

**{¶14}** Additionally, Calabrese was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea. During the Crim.R. 11 colloquy plea, Calabrese indicated that he understood the proceedings and was not under any medication that would impair his understanding. The court determined that the plea was knowingly, voluntarily, and intelligently made, then transferred Calabrese to the supervision of the mental health docket. Calabrese's trial counsel also stated that "as long as [Calabrese] takes his medications, he seems to be fine and able to cope with everyday life." Therefore, it appears from the record that Calabrese understood the rights he was waiving as well as the nature of the charges and possible penalties.

**{¶15}** Further, the trial court gave Calabrese a complete hearing on his motion to vacate the guilty plea, and also gave full and fair consideration to the plea withdrawal request. During the hearing, the court concluded that the motion was not made in a reasonable time, because it was filed almost two years after the guilty plea. As to this factor, the trial court found:

> [T]hings seemed fine especially as you were continued through probation. It might be that you recognized that your non-compliance might subject you to further punishment is when all of this came up. Now, certainly I find it to be disingenuous about the standard. Just having a change of heart, in fact, is not enough to overcome your plea.

**{¶16}** Finally, regarding the reason set forth in the motion, we note that under R.C. 2945.37(F), the court shall not find a defendant incompetent[1] to stand trial solely because:

> the defendant is receiving or has received treatment as a voluntary or involuntary mentally ill patient under Chapter 5122. or a voluntary or involuntary resident with an intellectual disability under Chapter 5123. of the Revised Code or because the defendant is receiving or has received psychotropic drugs or other medication, even if the defendant might become incompetent to stand trial without the drugs or medication.

**{¶17}** As this court noted in *State v. Holman*, 8th Dist. Cuyahoga No. 100468, 2014-Ohio-3908, ¶ 9.

> Incompetency is defined as a defendant's inability to understand the nature and objective of the proceedings or presently assist in his defense. *State v.*

---

[1]The standard for determining competency to stand trial and the competency to enter a plea are the same. *State v. Bolin*, 128 Ohio App.3d 58, 61, 713 N.E.2d 1092 (8th Dist.1998), citing *Godinez v. Moran*, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

*Mangus*, 7th Dist. Columbiana No. 07 CO 36, 2008-Ohio-6210, ¶ 66. Incompetency is not equated with mere mental or emotional instability or even with outright insanity. *State v. Were,* 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 47. A defendant may be emotionally disturbed and still be capable of understanding the charges against him and of assisting his counsel. [*Id.*;] *Mangus*, citing *State v. Bock*, 28 Ohio St.3d 108, 110, 28 Ohio B. 207, 502 N.E.2d 1016 (1986).

**{¶18}** *Accord State v. Brooks*, 9th Dist. Lorain Nos. 90CA004960 and 91CA005035, 1992 Ohio App. LEXIS 357 (Jan. 29, 1992), in which the court stated:

> Competency determinations in the criminal court and in the probate court are independent. *State, ex rel. Davey, v. Owen* (1937), 133 Ohio St. 96. The competency or mental capacity of an individual under indictment must be determined by the court of common pleas pursuant to the provisions of R.C. 2945.37, and not by the probate court. *Id.* at 104. R.C. 2111.13, which outlines the powers and duties of a court-appointed guardian, does not provide for any powers of the guardian in criminal proceedings.
>
> * * * The fact that a defendant has a guardian does not ipso facto mean that he is not competent to stand trial. In fact, an individual could be found insane by the probate court, yet be declared sane by a court for criminal proceedings. *Davey, supra*, 104.

*See also State v. Bush*, 12th Dist. Clermont No. CA2015-06-046, 2016-Ohio-551, ¶ 10 ("the fact that a person may be found incompetent under R.C. 2111.01(D) does not mean that the person is incompetent to stand trial; the former is not dispositive of the latter."); *State v. Burns*, 12th Dist. Butler Nos. CA2004-07-084 and CA2004-10-126,

2005-Ohio-5290, ¶ 48 ("Even if a person is found to be incompetent for purposes of R.C. Chapter 2111, that person may still be capable of understanding the nature and objective of the proceedings against him, and of assisting in his own defense.)."

{¶19} A trial court's finding that a defendant is competent to stand trial will not be disturbed when there is some reliable and credible evidence supporting those findings. *Were,* 118 Ohio St.3d 448, at ¶ 46.

{¶20} In accordance with all of the foregoing, the trial court did not abuse its discretion in denying Calabrese's motion to vacate his guilty plea. Calabrese was referred to the mental health docket and the parties stipulated to the court psychiatric reports. The court conducted a thorough Crim.R. 11 colloquy and determined that the plea was voluntarily, intelligently, and knowingly made. His counsel advised the court that so long as Calabrese takes his medication, he "seems to be fine and able to cope with everyday life." Parenthetically, the record clearly reflects that Calabrese was deemed competent during the prior case, Case No. CR-03-443466, despite the existence of the probate court guardianship. Therefore, despite the probate court's finding of incompetency, the trial court could, within the sound exercise of its discretion, conclude that Calabrese was competent to enter a guilty plea in this matter.

{¶21} The assigned error is without merit.

{¶22} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY J. BOYLE, J., CONCUR