[Cite as *State v. Littler*, 2023-Ohio-4759.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :          Case No. 22CA37

    v.                           :

                                 :          <u>DECISION AND JUDGMENT</u>
RYAN T. LITTLER,                        :          <u>ENTRY</u>

    Defendant-Appellant.         :          **RELEASED 12/26/2023**

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, Pamela C. Wells, Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

Smith, P.J.

{¶1}   Ryan T. Littler appeals the September 1, 2022 Judgment Entry of Sentence of the Ross County Court of Common Pleas.  Littler asserts a sole assignment of error challenging the knowing and voluntary nature of his plea, given that a lack of competency had been suggested earlier during the trial court proceedings.  For the reasons which follow, we find no merit to the assignment of error.  Accordingly, we affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2}   On February 5, 2021, Mr. Littler was indicted in Case Number 21CR44, for Count One, Aggravated Murder, R.C. 2903.01, with a firearm

specification, and Count Two, Murder, R.C. 2903.02, also with a firearm specification. The indictment alleged that on or about January 6, 2021, purposely and with prior calculation and design, Littler caused the death of Joseph Sprouse. The record contains few details surrounding Mr. Sprouse's death.

{¶3} Both parties indicate that Mr. Sprouse was shot when Mr. Littler discovered Sprouse exiting a trailer in Littler's driveway. The State's brief indicates that Littler suspected Sprouse was stealing from him. Littler's brief makes the same assertion, but also indicates that Sprouse attacked him. Littler claims not to have known that it was Sprouse when he shot at the intruder.

{¶4} Upon arraignment, Littler was appointed counsel and later co-counsel. On July 2, 2021, Littler's attorneys filed a Motion for Determination of Competency. The reason for the motion was set forth as follows:

> Counsel met most recently with Mr. Littler at the Ross County Jail on June 10, 2021, 25, and 28 for approximately one or two hours each visit. During those meetings it became increasingly obvious to counsel for the Defendant that [Littler's] ability to communicate in a rational and coherent fashion was becoming more labored with each visit. Mr. Littler's condition became most obvious during the meeting on June 25, when Mr. Littler met with both counsel for the first time. It appeared that the addition of new counsel created a reset that further effects his ability to assist in his defense.

The trial court granted the motion.

{¶5} Pursuant to R.C. 2945.371(G)(3), Kevin J. Edwards, Ph.D., a forensic psychologist at the Netcare Forensic Center, conducted a forensic evaluation of

Mr. Littler on September 6, 2021. Dr. Edwards prepared a report dated September 13, 2021.[1] In the report, Dr. Edwards explained that he conducted a competency interview approximately two hours in length. During the interview he gathered a personal history and conducted a mental status examination and a behavioral observation. Dr. Edwards reviewed documents relating to the criminal proceedings. Dr. Edwards gave several opinions: (1) Littler did not have a historical diagnosis, and his current mental condition was not marked by impairment consistent with a mental disorder; (2) Littler did not meet criteria for intellectual disability; (3) Littler had intact capacity for factual and rational understanding of the nature and objective of the legal proceedings against him; and, (4) Littler was capable in assisting in his own defense. At Littler's competency hearing on October 6, 2021, both parties stipulated to Dr. Edwards' report. Thereafter, the trial court found, having reviewed the report and based upon the stipulation of both parties, that Littler was competent to proceed to trial. [2]

{¶6} Littler's case was scheduled for a jury trial. However, on August 19, 2022, Littler entered into a plea agreement to resolve the underlying matter subject of this appeal and another felony case, 21CR33.[3] The record reflects that Littler

---

[1] The cover letter attached to the report contains an apparent error, showing the date as "September 13, 2020."

[2] During the proceedings, Littler filed a pro se motion to dismiss the case against him as being against the manifest weight of the evidence. Littler also filed a motion to dismiss his counsel. The trial court overruled these motions.

[3] According to the Ross County Clerk of Courts, this case was a two-count indictment, both counts being complicity to felonious assault and involving different victims. We may take judicial notice of such matters. *See State v. Hazelton*, 4th Dist. Washington No. 22CA18, 2023-Ohio-2498, at fn.1.

executed a written Plea of Guilty which also set forth the terms of the plea agreement.

{¶7} Littler was sentenced on August 26, 2022. During the dispositional hearing, the trial court heard from several of Joseph Sprouse's family members. Mr. Sprouse was a Marine Corps veteran and hero of the war in Iraq. Mr. Sprouse's mother and other family members indicated that Mr. Sprouse struggled with his health and made poor choices when he returned from his service. Littler also spoke and apologized to Sprouse's family. When the trial court sentenced Littler, he described as tragedy the fact that Mr. Sprouse had lost his life and Mr. Littler, also a veteran, had lost his freedom.

{¶8} The trial court imposed a prison term of 20 years to life, along with the mandatory gun specification of 3 years to be served first and consecutively. The sentence imposed in Case Number 21CR33 was to be served concurrently. The trial court also awarded restitution to Mr. Sprouse's mother for funeral expenses.

{¶9} This timely appeal followed.

ASSIGNMENT OF ERROR

I.    DEFENDANT-APPELLANT'S GUILTY PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND CRIM. R. 11(C).

## A. <u>STANDARD OF REVIEW</u>

{¶10} Littler challenges the knowing, intelligent, and voluntary nature of his plea to aggravated murder, in violation of R.C. 2903.01(A) and the accompanying firearm specification, R.C. 2941.145. Crim.R. 11(C)(2) governs the acceptance of guilty pleas by the trial court in felony cases and provides that a trial court should not accept a guilty plea without first addressing the defendant personally and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11} "Thus, prior to accepting a guilty plea, a 'court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory

process of witnesses.' " *State v. Tolle*, 2022-Ohio-2839, 194 N.E.3d 410, at ¶ 9 (4thDist.), quoting *State v. Ballard,* 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus. *See also* Crim.R. 11(C)(2)(c). "In addition to these constitutional rights, the trial court must determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea." *State v. Montgomery,* 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶12} When reviewing a defendant's constitutional rights (right to a jury trial, right to call witnesses, etc.), a trial court must strictly comply with Crim.R. 11(C)(2)(c). *Tolle, supra,* at *¶ 10; State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. In contrast, when reviewing a defendant's non-constitutional rights (maximum penalty involved, understanding effect of plea, etc.), a trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b). *Tolle,* at *¶11; State v. Veney, supra,* ¶ 18. " '[S]ubstantial compliance' means that 'under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *State v. Morrison,* 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, at ¶ 9, quoting *State v. Puckett,* 4th Dist. Scioto No. 03CA2920, 2005-Ohio-1640, at ¶ 10, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Carter*, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979).

{¶13} In *Veney*, the Court held as follows regarding the acceptance of guilty pleas:

> "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Veney, supra,* at ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *State v. Montgomery, supra,* at ¶ 40; *State v. Barker,* 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9.

*See also, Tolle,* at ¶ 12. " 'It is the trial court's duty, therefore, to ensure that a defendant "has a full understanding of what the plea connotes and of its consequence." ' " *Tolle,* at ¶ 13, quoting *Montgomery* at ¶ 40, quoting *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709 (1969); *State v. Conley,* 4th Dist. Adams No. 19CA1091, 2019-Ohio-4172, at ¶ 34.

{¶14} When appellate courts evaluate whether a defendant knowingly, intelligently, and voluntarily entered a guilty plea, a court must independently review the record to ensure that the trial court complied with the Crim.R. 11 constitutional and procedural safeguards. *See Tolle*, at ¶ 14; *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, at ¶ 36; *State v. Eckler,* 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, at ¶ 48; *Veney*, *supra,* at ¶ 13. (Internal citations omitted.)

## B. LEGAL ANALYSIS

{¶15} In his brief, Littler does not assert that the trial court

failed to meet the procedural safeguards for acceptance of his plea. Instead, he argues that because his competency to stand trial was placed at issue earlier in the proceedings, this somehow affects his competency to enter pleas. Littler contends that at the plea hearing, the trial court never revisited the competency issue and allowed him to plead guilty, despite the earlier suggestion in the record. Littler concludes this omission by the court demonstrates a violation of his due process rights. Thus, Littler urges us to conclude that his plea was not knowingly and voluntarily made, must be vacated, and the finding of guilt reversed. For the reasons which follow, these arguments are completely without merit.

{¶16} Due process requires a criminal defendant be competent to stand trial. *State v. Smith,* 4th Dist. Pickaway No. 19CA33, 2021-Ohio-2866, at ¶ 14; *see Lechner*, *supra*, at ¶ 25; *State v. Berry*, 72 Ohio St.3d 354, 359, 1995-Ohio-310, 650 N.E.2d 433. "It has long been accepted that a person who lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri,* 95 S.Ct. 896, 420 U.S. 162, 171 (1975). Thus, "[c]onviction of an accused while he or she is legally incompetent is a violation of due process." *State v. Merryman,* 4th Dist. Athens No. 12CA28, 2013-Ohio-4810, ¶ 14.

{¶17}  " 'The United States Supreme Court established the test for competency and requires the court to determine if an accused "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' " *Smith,* at ¶15, quoting *Lechner, supra*, at ¶ 26, quoting *Dusky v. United States,* 80 S.Ct. 788, 789, 362 U.S. 402 (1960).  Ohio has codified the competency test in R.C. 2945.37(G) as follows:

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

{¶18}  Under the above subjective test, if a defendant is capable of understanding the nature and objective of the proceedings and assisting in the defense, then the defendant is competent to stand trial.  *Smith, supra,* at ¶ 16.  A defendant with mental illness or intellectual deficiencies may still be competent to stand trial.  *See Lechner*, at ¶ 27.

> "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *Lechner*, *supra,* quoting *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶19} At Littler's competency hearing both parties stipulated to the report's findings and the trial court found Littler competent to proceed to trial.  The competency standard for entering a plea "is the same as the competency standard for standing trial."  *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, at ¶ 11.  *See Godinez v. Moran,* 509 U.S. 389, 391, 113 S.Ct. 2680 (1992); *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1064, ¶ 57; *State v. Bolin*, 128 Ohio App.3d 58, 713 N.E.2d 1092 (1998); *State v. Jenkins*, 3d. Dist. Henry No. 07-05-06, 2005-Ohio-5616, ¶ 8.  However, " '[a] finding that a defendant is competent to stand trial * * * is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel.' "  *Morrison, supra*, quoting *Godinez* at 400-401.  As discussed above, "a trial court must satisfy itself whether the waiver of his constitutional rights is knowing and voluntary."  *Godinez, supra*. (Citations omitted.)

{¶20}  In *Merryman,* the appellant appealed his convictions upon guilty pleas to one count of kidnapping and two counts of rape.  He first argued that the trial court abused its discretion in finding him competent to stand trial because although two defense experts evaluated him and found him not competent, the trial court credited the state's expert who did find competency. Merryman argued that due to some evidence of incompetency, his plea was not

voluntary and violated his due process rights.  This court rejected both arguments.

We observed:

> The crux of Merryman's argument that his pleas were not voluntary is based on his assertion that he was incompetent to make the plea because Dr. Bram's and Dr. Reardon's reports find him incompetent to stand trial. However, we have already concluded that the trial court properly found Merryman competent to stand trial in spite of expert testimony to the contrary. Therefore, we reject Merryman's underlying premise that he was not competent to enter a guilty plea. It follows, ipso facto, that his "voluntariness" argument is meritless.

*Merryman,* at ¶ 38.  We concluded:

> Although Merryman does not specifically contend that the trial court failed to satisfy the requirements of Crim.R. 11(C)(2), a review of the record indicates that the trial court properly advised Merryman of the nature of the charges and the maximum penalty involved, the effect of the plea, as well as all of the rights Merryman was waiving by pleading guilty. The record indicates that Merryman understood the consequences of his plea and understood what rights he was waiving.  Thus, we cannot say that Merryman's plea was anything but knowingly and voluntarily made.

*Id.* at ¶ 39.

{¶21}  In *Smith, supra*, from the the beginning of the proceedings Smith was uncooperative and belligerent, refused to acknowledge his legal name, interrupted the judge and his attorney, filed various irregular documents pro se, refused to acknowledge the court's jurisdiction, and had to be removed from the courtroom during the trial court proceedings.  During Smith's jury trial, he was removed to jail due to his behavior.  He watched the trial proceedings from the remote

location, except for his own testimony. On appeal, Smith claimed that the trial court abused its discretion in determining he was competent to stand trial during the pretrial proceedings. However, based upon our review of the record, we did not agree. Like Littler, Smith had a court-ordered competency evaluation, was found competent and capable of assisting in his own defense, and the parties stipulated to the competency report at the competency hearing. We found, despite Smith's multiple and repeated outbursts and objections, the record demonstrated that the trial court handled Smith's competency determination properly and in accordance with the controlling statutes.

{¶22} As previously discussed, the parties stipulated to Dr. Edwards' report at Littler's competency hearing and the trial court made a finding of competency. And as noted above, the competency standard for entering a plea is the same as for standing trial. Given that Littler has not challenged his plea on any other basis, our analysis could safely end here. Nevertheless, we will briefly examine the plea colloquy.

{¶23} We note that after the prosecutor explained the terms of the plea agreement, to which Littler's counsel acknowledged understanding of the terms, the trial court addressed Littler as follows:

> Mr. Littler, before I can accept your pleas in both of these cases, I need to ask you a series of questions to make sure you understand the nature of these proceedings and any potential penalties that you are facing.

The court asked Littler's name, age, date of birth, educational level, fluency in English, ability to read and write, and citizenship and military status. Littler responded appropriately and affirmatively. The colloquy continued in pertinent part:

Court:      All right, are you presently under the influence of any medication, drugs, or alcohol?

Defendant:  No, Your Honor.

Court:      *Do you now or have you ever suffered from any mental illness, disease, or incapacity?*

Defendant*:  No, Your Honor.* (Emphasis added.)

***

Court:      Has anybody threatened or coerced you into entering this [sic] pleas today?

Defendant:  No, Your Honor.

Court:      Aside from the plea negotiation has anyone promised you anything in exchange for your pleas?

Defendant:  No, Your Honor.

Court       Now, Mr. Marks has read into the record the terms of the plea agreement that you have reached with the state. Did you hear what the prosecuting attorney just said?

Defendant:  Yes, Your Honor.

Court:      Is that the same information you discussed with your attorneys before today's hearing?

Defendant:  Yes, Your Honor.

***

Court:      Do you have any specific questions for the court about the terms of that plea agreement?

Defendant:  No, Your Honor.

***

Court:      *** Did you have an opportunity to review those plea forms with your attorneys?

Defendant:  Yes, Your Honor.

***

Court:      Do you believe you understood what those plea forms said?

Defendant:  Yes, Your Honor.

Court:      And did you voluntarily sign those plea forms?

Defendant:  Yes, Your Honor.

Court:      Do you understand that by signing the plea forms you are making a complete admission of your guilt to the charges listed in those plea forms?

Defendant:  Yes, Your Honor.

Court:      All right. You understand that while you and the state have presented to the court a recommendation for sentencing this court does not have to accept it?

Defendant:   That is correct Your Honor.

***

Court:       All right.  Knowing that the court is not obligated to
             follow the plea recommendation do you still wish to
             proceed with your plea today?

Defendant:   Yes, Your Honor.

{¶23}  As in *Smith*, the trial court handled Littler's competency determination properly and in accordance with the controlling statutes.  As in *Merryman,* Littler has not specifically contended that the trial court failed to satisfy the requirements of Crim.R. 11(C)(2).  However, as in *Merryman,* our review of the trial court proceedings herein convinces us that the trial court properly advised Littler of the nature of the charges and the maximum penalty involved, the effect of the plea, as well as all the rights Littler was waiving by pleading guilty.  The record herein indicates that Mr. Littler understood the consequences of his plea and understood what rights he was waiving.  Therefore, we cannot find that Mr. Littler's plea was anything but knowingly and voluntarily made.

{¶24}  Based on the foregoing, we find no merit to Littler's argument in this appeal.  Accordingly, we overrule the sole assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J., & Wilkin, J.: Concur in Judgment and Opinion.

For the Court,


_____
Jason P. Smith
Presiding Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**